Kappers v. Cast Stone Construction Co. 184 Wis. 627.

---

KAPPERS, Trustee in bankruptcy, Appellant, vs. CAST STONE CONSTRUCTION COMPANY, Respondent.

*September 19—October 14, 1924.*

*Corporations: Subscription to stock: Executory contracts: Subscription by another corporation: Necessity of stockholders' consent: Powers of corporation: Prohibited contracts.*

1. A subscription agreement for stock in a corporation, where the price is to be paid in the future, is an executory contract. p. 630.

2. The language of sub. (3), sec. 180.11, Stats. 1923, applies to the whole of that subdivision and forbids the purchase of the stock of one corporation by another corporation even within the exceptions stated, except pursuant to a resolution assented to by the holders of three fourths of the capital stock of each corporation at a general or special meeting; and consent by the stockholders is invalid unless given at a stockholders' meeting.    p. 632.

3. The corporate powers of stockholders are vested collectively and they have no power to act except at a corporate meeting. Individual action, though concurred in by a majority and though consented to in writing, is not the action of the corporation.    p. 632.

4. An intent to abrogate or modify the common law is not presumed from the enactment of a statute on the same subject. p. 633.

5. Corporations are creatures of the statute without powers excepting such as are expressly granted or necessarily implied; and the legislature has the power to enact proper limitations and restrictions on the powers of a corporation.    p. 633.

6. Except when expressly conferred or reasonably necessary, corporations have no power to purchase the stock of other corporations.    p. 634.

7. A corporate contract expressly prohibited by statute is void even though not so expressly declared.    p. 634.

8. Where a corporate contract for the purchase of the stock of another corporation is executory, it is unenforceable unless sec. 180.11, Stats. 1923, is complied with.    p. 634.

APPEAL from an order of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining a general demurrer of the defendant to the complaint of the plaintiff.

The complaint, among other things, sets forth that the Schneider Construction Company is a Wisconsin corporation; that it was adjudicated a bankrupt; that the plaintiff is its duly appointed, qualified, and acting trustee; that the defendant is a Wisconsin corporation; that after the organization of the Schneider Construction Company the defendant subscribed for seventy shares of its capital stock at the par value of $100 per share, the said subscription amounting to $7,000; that by a vote of more than three fourths of the

entire stock of the Schneider Construction Company a resolution was passed consenting to, receiving, and ratifying the subscription of the defendant for the $7,000 of stock aforesaid.

The complaint then alleges that "thereafter the defendant accepted and paid for twenty-eight (28) shares of said stock so subscribed for, although . . . no resolution was ever adopted at a stockholders' meeting of the said defendant corporation approving or consenting to said subscription; that stockholders of the defendant corporation who in the aggregate own more than three fourths of the capital stock of the said defendant corporation outstanding at the time of said subscription consented to the said subscription and approved of the same."

The complaint in substance further alleges that forty-two shares of said stock have not been paid for; that upon the refusal of the defendant to make payment for said forty-two shares this action was brought by the plaintiff to recover the amount of the subscription. The court entered an order sustaining the defendant's demurrer, and from such order this appeal was prosecuted.

The cause was submitted for the appellant on the brief of *Linderman, Ramsdell & King* and *John B. Fleming,* all of Eau Claire, and for the respondent on that of *Bundy, Beach & Holland* of Eau Claire.

DOERFLER, J.   The question presented by the demurrer involves the construction of sec. 180.11, Stats., which, among other things, provides as follows:

"(3) But no corporation organized under chapter 180 of the statutes shall take or hold stock in any other corporation except upon and with the assent of the holders of three fourths of the capital stock of both the corporation proposing to take such stock and the corporation in which it is proposed to be taken."

Upon the first assessment levied by the directors of the

Schneider Construction Company twenty-eight shares of its capital stock were paid for by the defendant, leaving forty-two shares outstanding and unpaid for and subject to call. Pursuant to the stock subscription, the subscribers, including the defendant, mutually and severally promised and agreed to pay for the stock subscribed for at such times and in such instalments as might be prescribed by the by-laws or the order or resolution of the board of directors. This left forty-two shares subscribed for unpaid, assuming that the subscription was a valid subscription, subject to be called pursuant to the action of the board of directors.

It is conceded by counsel for the defendant that if the forty-two shares had actually been paid for by the defendant it would have been remediless, and that the court could not grant the defendant any relief, upon the ground that the parties are *in pari delicto*. A subscription agreement for stock in a corporation where the amount of the subscription is to be paid in the future is an executory contract. *Kohlmetz v. Calkins,* 16 App. Div. 518, 44 N. Y. Supp. 1031; 2 Fletcher, Corp. p. 1121, § 520; also p. 1124, and cases under note 16.

We come now to the consideration of the principal issue above referred to, which involves the construction of sec. 180.11, Stats. The defendant contends that it does not appear from the allegations in the complaint that it ever legally subscribed for the stock, and that it affirmatively appears that the pretended subscription by the stockholders is not a compliance with the provisions of the statute and does not bind the corporation. The provisions of sec. 1775, R. S. 1878, expressly prohibit one corporation from taking or holding stock of another corporation. This provision as it is so found in the 1878 Statutes is one which is in existence in many other states, and is merely declaratory of the common law, under which a corporation has no power to subscribe for or purchase and hold the stock of another corporation unless it is clearly authorized so to do

by statute or the provisions of its charter.  7 Ruling Case Law, p. 553, § 535.

Thereafter, various amendments were passed by the legislature and incorporated in sub. (3), sec. 180.11, so that the statute as it now reads provides for the following exceptions to the general statute as it existed in 1878: Under the first exception a corporation is authorized to take and hold stock in another corporation upon and with the assent of the holders of three fourths of the capital stock of both the corporation proposing to take such stock and the corporation in which it is proposed to be taken.  The second exception refers to logging, lumbering, or similar corporations, and authorizes them, upon the assent of the holders of three fourths of the capital stock, to purchase, take, and hold stock in its corporate capacity in other similar corporations.  The third exception refers to mining, smelting, quarrying, mechanical, or manufacturing corporations, and authorizes them, with the assent of three fourths of its capital stock, in its corporate capacity to subscribe for, purchase, take, and hold stock in any corporation formed for the purpose of manufacturing, creating, or generating power, etc.; and the fourth exception authorizes a street railway corporation to purchase, take, and hold all or any part of the real and personal property, rights, privileges, etc., of any other street railway corporation, etc., and authorizes such corporation to purchase, take, and hold stock in its corporate capacity, and become a subscriber to the capital stock of any other similar street railway, etc.  This last named exception ends with a semicolon, and the statute then proceeds as follows: "the terms of such purchase to be assented to by the holders of three fourths of the capital stock of each company buying or selling as aforesaid, at any general or special meeting of such stockholders."

It will thus appear that under the first exception the assent of three fourths of the stockholders of both corporations must be obtained.  Under the second and third ex-

ceptions the corporation purchasing stock must have the assent of three fourths of its stockholders; and the fourth exception contains no requirement with respect to the number of stockholders assenting to the purchase or subscription excepting as it is contained in the final clause of said subsection above set forth.

The learned circuit judge in his opinion, in referring to said sub. (3), states that:

"This subsection consists of one sentence. Its language, punctuation, and context indicates that it was the legislative intention that the assent of the stockholders, when required, must be given at a general or special meeting of such stockholders."

In other words, the position he takes is that the last portion of the sentence following the semicolon has reference to the entire provisions included in sub. (3). A careful reading of the statute impresses one with the correctness of this view, and under such construction the subscription in the instant case is not in compliance with the provisions of the statute for the reason that no formal action by resolution, at a general or special meeting of the corporation, had been taken by the stockholders.

In 3 Fletcher, Corporations, § 1630, the law with respect to stockholders acting for the corporation is stated as follows:

"The corporate powers, when vested in the stockholders or members, are vested in them collectively, as a body, and not as individuals. They have no power to act as or for the corporation except at a corporate meeting called and conducted according to law. Action by the stockholders or members individually, and not at a corporate meeting, even though a majority may concur, and even though their consent be expressed in a writing signed by them, is not the action of the corporation, and is void."

The law as thus stated is the common-law doctrine. Assuming that the last clause of sub. (3) refers only to the

purchase of the real or personal property, etc., by one street railway company of another, the common-law doctrine requiring stockholders to act at a proper meeting of the corporation would still be applicable to the provision of said sub. (3) under discussion here. No clear intention of the legislature is made manifest to modify the common-law doctrine.

In *Sullivan v. School Dist.* 179 Wis. 502, 191 N. W. 1020, it is said:

"It has also been held by numerous authorities that it is not to be presumed that the legislature intended to abrogate or modify the rule of the common law by the enactment of a statute upon the same subject. It is rather to be presumed that no change in the common law was intended, unless the language employed clearly indicates such an intention. 25 Ruling Case Law, p. 1054, § 280. It has also been held that the rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language." *Ryalls v. Mechanics' Mills,* 150 Mass. 190, 22 N. E. 766, 5 L. R. A. 667; *State v. Central Vt. R. Co.* 81 Vt. 459, 71 Atl. 193, 21 L. R. A. N. s. 949.

We therefore hold that the subscription to the stock in question was not made pursuant to the provisions of the statute and the rule of the common law. The statute, in clear and express terms, prohibits the taking or holding of stock of one corporation in another unless its requirements have been fully complied with. The statute as it originally existed prior to 1881 and as it appears in the Revised Statutes of 1878 constitutes a clear prohibition for one corporation to take and hold stock in another corporation. A corporation is the creature of the statutes. It has no powers excepting such as are expressly granted or which must be necessarily implied. If the lawmaking body has the power to authorize the creation of corporations, then it also has full power to enact proper limitations and restrictions upon the powers of a corporation. By the exceptions in sub. (3) it clearly follows that the legislature intended that one cor-

poration can hold stock in another corporation only when the provisions of the statute are fully complied with, and in construing the statute it must follow that in all cases not coming under the exceptions a corporation cannot purchase or hold stock in another corporation. In enacting sec. 1775 of the Revised Statutes of 1878 and also the statute as it now exists, the legislature laid down and declared a public policy with respect to corporations, and such statutes were not intended merely for the protection of the stockholders of the corporation. The real object and purpose of the legislature was to confine corporations within the proper objects and purposes for which they were created.

In 2 Fletcher, Corp. pp. 2067, 2068, it is said:

"The prevailing doctrine is that a corporation has no power either to subscribe for or purchase shares of stock in another corporation unless such power is expressly conferred upon it by its charter or other statute, or unless the circumstances are such that the transaction is a necessary or reasonable means of carrying out or accomplishing the objects for which it was created. Moreover, purchases of stock of other corporations have been held to be contrary to public policy, in addition to being beyond the power of the corporation."

See, also, *Oelbermann v. N. Y. & N. R. Co.* 77 Hun, 332, 335, 29 N. Y. Supp. 545; *Franklin Bank v. Commercial Bank,* 36 Ohio St. 350; *Franklin Co. v. Lewiston Sav. Bank,* 68 Me. 43, 46; 2 Fletcher, Corp. p. 1199.

Under the general rule, a contract with a corporation which is expressly prohibited by statute is void even though it is not so expressly declared by the statute. *United Order of Good Samaritans v. Meekins,* 155 Ark. 407, 244 S. W. 439, 28 A. L. R. 89, 91; *Steele v. Fraternal Tribunes,* 215 Ill. 190, 74 N. E. 121, 106 Am. St. Rep. 160.

The contract being executory and the subscription void, the contract is unenforceable. *Clarke v. Lincoln L. Co.* 59 Wis. 655, 658, 18 N. W. 492; *Menominee River B. Co. v.*

*Augustus Spies L. & C. Co.* 147 Wis. 559, 571, 132 N. W.
1118.

We therefore hold, first, that the contract of subscription
sued upon is executory; and second, that it is void and un-
enforceable. The order of the lower court sustaining the
demurrer to the complaint must therefore be affirmed.

*By the Court.*—Order affirmed.