NORTHWESTERN NATIONAL INSURANCE COMPANY, Appellant, vs. FREEDY, Commissioner of Insurance, Respondent.

*November 5, 1929—March 4, 1930.*

For the appellant there were briefs by *Fawsett & Shea* of Milwaukee, and oral argument by *Charles F. Fawsett*.

For the respondent there was a brief by the *Attorney General* and *Hugh A. Minahan,* deputy attorney general, and oral argument by *Mr. Minahan.*

The following opinion was filed December 3, 1929:

CROWNHART, J.   This case arises upon an agreed statement of facts under sec. 269.01 of the Statutes.

The plaintiff is an insurance corporation organized by special act of 1869 (ch. 63, P. & L. Laws 1869), which authorized such corporation as follows:

"Section 2. The capital stock of said corporation shall be one million dollars, and may be increased to five million dollars at the discretion of the stockholders.

"Section 5. Said corporation shall have full power and authority to take risks and make insurance on vessels, and

all property laden on board thereof; upon houses and other buildings, and the furniture and goods contained therein, and upon all other subjects of insurance.

"Section 7. The business of this company shall be carried on in the city of Milwaukee and elsewhere, by agencies, as the directors shall direct.

"Section 9. This act shall be and is hereby declared to be a public act, and the same shall be construed liberally for the purposes herein granted, and shall take effect and be in force from and after its passage."

Its charter so granted expired in 1919. Since then it has continued to do business pursuant to sub. (4), sec. 203.50, Stats., enacted by ch. 460, Laws of 1909, which reads:

"203.50 (4). Every insurance corporation heretofore organized and now doing business under the provisions of any law of this state is continued without any limitation whatever upon the duration of its corporate existence, notwithstanding any limitation heretofore imposed by law or incorporated into its articles of organization."

The plaintiff contends that by virtue of its thus expressly granted or implied powers it has authority to organize a subsidiary insurance company to write casualty insurance, and to purchase and own all the stock of such subsidiary company, and to control and manage the same through its officers and agents.

Corporations are creatures of the statutes, without power except such as is expressly granted or necessarily implied. *Kappers v. Cast Stone C. Co.* 184 Wis. 627, 200 N. W. 376.

Counsel for appellant has not called our attention to the fact that the act of incorporation of appellant company expressly provides that the company may invest its surplus or unemployed capital or money in stocks. Sec. 5, ch. 63, P. & L. Laws of 1869. However, we assume the omission was advisedly made because of sec. 201.36, Stats., found

in the Revised Statutes of 1878 as sec. 1914, which provides:

"201.36  All fire or fire and inland navigation or transportation insurance companies organized under any law of this state shall be subject to all the provisions of this chapter properly applicable thereto, except that their capitals may continue of the amount and character provided by their respective charters during the term authorized by such charters, and their investments may remain as prescribed by their charters, and they shall enjoy any peculiar privileges and powers given in their charters not inconsistent with this chapter."

"This chapter" referred to ch. 89 of the Revised Statutes of 1878, entitled "Insurance corporations."

This section clearly means that the company may continue its existence for fifty years, the term provided in the act of incorporation, with all its rights granted under the act unimpaired, and thereafter with all such privileges and powers not inconsistent with the general law applicable to like insurance companies.   Undoubtedly the general laws applicable to such insurance companies now apply to the appellant company.   Hence sub. (3), sec. 201.25, Stats., which provides that "No domestic insurance corporation, including any domestic insurer, shall make any investment not authorized by law," applies to the appellant company.

The act incorporating the appellant company does not authorize it to write casualty insurance.   On the contrary, it is limited to writing insurance "on vessels and all property laden on board thereof, upon houses and other buildings and the furniture and goods contained therein, and upon all other subjects of insurance."   The last phrase "all other subjects," under the familiar rule of *noscitur a sociis,* means all other like kinds of insurance.

But, assuming the company has authority to write casualty insurance, still it is bound by sub. (1) (f), sec. 201.25,

Stats., which provides that a domestic insurance corporation may invest its assets in the stocks of "any solvent dividend-paying corporation . . . excepting in stock of its own corporation." Manifestly, the proposed corporation, of whose stock the appellant company desires to become the sole owner, is not a "dividend-paying corporation."

Sub. (1) (f), sec. 201.25, further provides that "No such investment shall be made . . . in the stocks . . . of any corporation, the owners or holders of which may, in any event, be or become liable on account thereof to any assessment except for taxes or laborers' liens."

Under secs. 200.06 and 201.35, Stats., the owners or holders of stock in an insurance company may, upon certain contingencies there specified, become liable to assessments on such stocks.

The statement of facts says that the appellant company "is duly licensed by the state of Wisconsin as an insurance corporation to transact in the state of Wisconsin all of the business for which it was incorporated," and that if it proceeds as it desires to do, the insurance commissioner claims it will be liable to "a summary revocation" of its license to transact insurance business in Wisconsin. It now contends that as a domestic corporation it is not required to have a license to do the business authorized by its charter and the statutes of the state applicable to it, and the insurance commissioner has no authority to revoke its right to transact business in the state. We do not find any statute requiring a domestic insurance corporation to have a license to do the business in the state authorized by its charter or articles of incorporation. The licensing statutes apply only to foreign insurance companies seeking to do business in this state. Sec. 201.40, Stats. Such licenses may be revoked by the insurance commissioner for failure to comply with the law, sec. 201.41, Stats., but such statutes do not

apply to appellant, a domestic corporation. The trial court, evidently misled by the admission in the statement, in its conclusions of law held that if the appellant proceeds as contemplated, the insurance commissioner may revoke its license. Although such conclusion is not included in the judgment, to avoid any confusion in the future we hold the trial court was in error as to that part of its conclusions of law. The result does not require any change in the judgment, which must be affirmed.

It seems plain, therefore, that the company is not authorized to create the proposed subsidiary company, hold stock therein, or control and manage such a company.

The prayer of the complaint calls for declaratory relief, and sec. 269.56, Stats., provides that courts of record shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed.

The judgment of the trial court is defective in that it does not declare the rights of the parties but dismisses the complaint on the merits. The judgment should have declared the rights of the parties, as determined in the first two conclusions of law.

However, neither party complains of the form of the judgment, and it is unnecessary to modify it under the circumstances. We merely call attention to the proper practice under the declaratory relief statute.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, without costs, on March 4, 1930.