THE MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant, vs. CITY OF SOUTH MILWAUKEE, Respondent.

*March 6—April 2, 1935.*

For the appellant there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *James D. Shaw*.

*Clarence J. O'Brien* of South Milwaukee, for the respondent.

MARTIN, J. On January 29, 1901, the village of South Milwaukee (now city of South Milwaukee) granted a certain permissive franchise by ordinance to the Milwaukee Light, Heat & Traction Company, a Wisconsin corporation. The terms and conditions of said franchise ordinance were accepted by said Milwaukee Light, Heat & Traction Company and the system of electric street railway thereby authorized was constructed and placed in operation within the time fixed by said ordinance. The plaintiff purchased said system from the Milwaukee Light, Heat & Traction Company on February 15, 1919, and has ever since operated said system except to the extent that same has been abandoned with the consent of the defendant city.

At present the system consists of a line of electric railway upon North Chicago avenue from the north limits of said city to Tenth avenue, upon Tenth avenue from North Chicago avenue to Madison street, upon Milwaukee avenue from Tenth avenue to Fifteenth avenue, and upon Fifteenth

avenue from Milwaukee avenue to the south limits of said city. It is alleged that all of the lawful terms and conditions of said ordinance in respect to the operation of the system mentioned have at all times been duly complied with. It is further alleged that said system is not a part of any other system, but is an independent unit operated pursuant to the permissive franchise of January 29, 1901.

It is further alleged that for more than five years last past said system has been operated at an increasing loss; that the results of operation are such that plaintiff is unable to secure revenues from said system sufficient to meet direct operating expenses; that the plaintiff for a long time has not only received no return from the operation of said system, but has witnessed the wasting of said system without depreciation having been earned thereon; that such results have been obtained, notwithstanding repeated applications to the public service commission of Wisconsin and its predecessor for rate adjustments and the fixing of the highest practical rate plaintiff is able to secure; that no system of rates can be devised which will substantially improve the earnings of said system; that plaintiff has no other system of electric street railway which is earning even a return of two per cent above operating expenses, including depreciation and taxes, or which is capable of being made to earn a fair return; that it has no independent means out of which it can continue to meet the losses incurred in the operation of its system in the defendant city; that the development of other means of transportation, including private automobiles, has rendered the street railway system in communities of the size of the defendant city antiquated and uneconomic, and systems such as this have been very generally abandoned throughout the United States.

The complaint further alleges that prior to the commencement of the action plaintiff duly advised defendant city of its inability to continue the operation of said system and of its

desire to discontinue and abandon the same, but defendant city, denying and refusing to recognize the rights of the plaintiff in the premises, by act of its common council ordered the plaintiff to reconstruct, at great expense, its tracks on North Chicago avenue from College avenue to Oak street and repave the track zone therealong; that such reconstruction involves heavy additional capital expenditures against which plaintiff has not been able to accumulate from the revenues of said system an adequate depreciation reserve, and from which said expenditures there is no chance at the present or at any future time for the plaintiff to earn a return of two per cent. It is further alleged that defendant threatens that, in the event the plaintiff fails to reconstruct said tracks and repave the track zone therealong, to enter upon said tracks and itself reconstruct and repave the same and charge the cost thereof to the plaintiff.

"That a controversy exists between the plaintiff and the defendant as to the right of the plaintiff to refuse to comply with the order of the defendant and to omit the ordered reconstruction of its said tracks and to stop the losses upon its said system by ceasing to operate and by abandoning the same; that unless such controversy is determined by judgment quieting the plaintiff's right under its said permissive franchise to abandon said street railway system as against the claims of the defendant for the reconstruction and continued operation of the same, the plaintiff will sustain irreparable loss and damage and will be required either to continue its losses resulting from the operation of said line, or to cease the operation of the same and incur the hazard of being required by some action on the part of the defendant to resume the operation of said line with the added loss of revenue resulting from the temporary suspension thereof. That the plaintiff has no adequate remedy at law. That if the plaintiff, without seeking judgment quieting its rights under said franchise as against the claims of the defendant, should discontinue the operation of said system, disorder, public inconvenience and a multiplicity of controversies would result."

In its second cause of action plaintiff realleges all of the foregoing allegations, and contends that the controversy existing presents a question of construction within the meaning of sub. (2) of sec. 269.56, Stats. The prayer for relief is—

"that judgment may be entered herein, determining the rights and status of the plaintiff under said franchise ordinance and determining the rights granted the plaintiff thereunder are permissive, and that plaintiff is not under obligation to continue to operate the street railway system provided that all street railway operations under said franchise ordinance are discontinued, and the entire system of the plaintiff in the city of South Milwaukee abandoned."

To this complaint the defendant demurred "on the ground that it appears on the face thereof that the same does not state facts sufficient to constitute a cause of action and for the granting of the relief prayed for, and upon the further ground and reason that this court does not have jurisdiction or power to grant the relief prayed for in said plaintiff's amended complaint." The trial court entered its order sustaining the demurrer on the ground "that it appears upon the face of said amended complaint that this court has no jurisdiction of the subject of the action."

It appears that plaintiff waived its right to plead over and chose to stand upon the amended complaint. Accordingly, an order was entered for judgment, and judgment was entered dismissing the action.

Sub. (2) of sec. 269.56, Stats., reads as follows:

"*Power to construe, etc.* Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

The demurrer admits the facts pleaded. On such facts the trial court had jurisdiction of the parties and the subject

of the action to determine the rights and duty of the parties. This court has had occasion in several cases to consider and apply the declaratory-relief statute, sec. 269.56. *Rosenberg v. Whitefish Bay,* 199 Wis. 214, 225 N. W. 838; *Northwestern Nat. Ins. Co. v. Freedy,* 201 Wis. 51, 227 N. W. 952; *Milwaukee v. Chicago & N. W. R. Co.* 201 Wis. 512, 230 N. W. 626; *S. S. Kresge Co. v. Railroad Comm.* 204 Wis. 479, 235 N. W. 4, 236 N. W. 667; also in *Heller v. Shapiro,* 208 Wis. 310, 242 N. W. 174. In this case the court said:

"We construe the declaratory-relief statute, sec. 269.56, as only justifying a declaration of rights upon an existing state of facts, not one upon a state of facts that may or may not arise in the future. So far as the statute has heretofore been invoked in cases that have reached this court, an existing state of facts has been the basis of the declaration or adjudication."

After an exhaustive review of the decisions in many jurisdictions, the court said:

"From these decisions we gather that the statute deals with present rights only; that courts will not declare rights until they have become fixed under an existing state of facts . . . ; they will not determine future rights in anticipation of an event that may never happen."

In *Milwaukee v. Chicago & N. W. R. Co., supra,* the action was brought by the city under sec. 269.56 to determine the rights and duties of the city and of the railroad company as to the maintenance of certain bridges under a city ordinance. The defendant contended that it was not a proper case for the exercise of jurisdiction under the Declaratory Judgments Act for the reason that no effective relief could be granted; that under the law of this state exclusive jurisdiction to deal with the subject matter of the controversy is vested in the railroad commission; and that the Declaratory Judgments Act is invalid because in contravention of the constitution of the state. The validity of the Declaratory

30

Judgments Act was sustained and the rights of the parties were adjudicated. The court said:

"While it is no doubt true that the questions attempted to be settled in this action might have been presented in a different form, it does appear from the allegations of the complaint that there is a substantial controversy between the parties as to their respective rights under the ordinance in question."

In the instant case, on the facts pleaded, without expressing any opinion at this time as to the merits of the controversy between the parties, we do hold in view of the facts alleged being admitted by the demurrer, that the plaintiff is entitled to a judicial interpretation as to its rights and duty in the premises. It follows that the judgment must be reversed.

*By the Court.*—Judgment reversed. Record remanded with directions to vacate the judgment, to enter an order overruling defendant's demurrer, and for further proceedings according to law.