HELLER and another, Respondents, vs. SHAPIRO, imp., Appellant.

*March 10—June 20, 1932.*

*Morris Fromkin* of Milwaukee, for the appellant.

For the respondents there were briefs by *Alexander, Burke & Clark,* attorneys, and *Arthur Snapper* of counsel, all of Milwaukee, and oral argument by *Giles F. Clark.*

The following opinion was filed April 5, 1932:

FOWLER, J.  The action is brought for declaratory relief under sec. 269.56, Stats.  The relief is for declaration of the relative rights of all parties to the action and particularly as to the plaintiffs' rights respecting subrogation when they pay off a mortgage if they do pay it.

The two plaintiffs were conducting a business and wanted a loan.  Rose Heller, wife of defendant Hugo Heller, a brother of plaintiffs, owned a parcel of real estate referred to as the Linnwood avenue property, on which were mortgages and tax liens amounting to $6,712.91.  Adelaide Heller, a sister of plaintiffs, owned another parcel, referred to as the Hackett property, against which was a mortgage of $3,500.  To raise the money wanted the plaintiffs got Hugo and his wife and Adelaide to execute a joint mortgage for $18,000 on the two parcels to the defendant Integrity Savings Building and Loan Association, which advanced the money upon the mortgage.  The mortgage requires payments of $200 a month, which payments the plaintiffs guaranteed and which they have been making to date.  It was agreed between plaintiffs and the owners of the two properties when the joint mortgage was executed that $9,000 of the money received should stand as between them against each property.  Out of the $9,000 so agreed as standing against the Linnwood avenue property, subsisting mortgage and tax liens aggregating $6,712.97 were paid, thus leaving $2,287.03 as the amount received by plaintiffs from the owners.  It was agreed between the plaintiffs and the owners that when the plaintiffs had paid

the amount received by them the owners would pay the remainder. However, the owners of the property are presently unable to make any of these payments and the plaintiffs will probably be compelled to make all of them under their guaranty. The plaintiffs have already made the payment they were to make under the agreement with the owners of the Linnwood avenue property. The defendant Shapiro loaned $6,000 to the owners of the Linnwood avenue property, taking as security a mortgage, subject to the Building and Loan Company's mortgage. He foreclosed this mortgage, judgment was entered, the redemption period expired, and he was about to sell the property under his judgment. To prevent this sale the plaintiffs brought this suit, asking that the sale be enjoined pending its prosecution, that the court declare them subrogated to the rights of the Building and Loan Company under its mortgage, and that they be declared to have a lien superior to the lien of Shapiro's mortgage to the amount of the liens paid off by the money secured upon that mortgage. They brought in several mechanic's lien claimants whose liens arose after Shapiro commenced his foreclosure action. The case went to trial to the court without objection by any party to sufficiency of the complaint as basis for declaratory relief. Testimony was taken at considerable length and the court made findings and entered judgment. The judgment declared that "*if, as, and when*" the plaintiffs pay the Building and Loan Company's mortgage they will be subrogated to the rights of the holder of that mortgage and that in such event their rights will be superior to Shapiro's under his mortgage to the amount of the liens paid off by the proceeds of that mortgage. The rights of the mechanic's lien claimants, none of whom appeared in the case, were declared subsequent to Shapiro's rights under his mortgage.

While the point was nowhere raised by the appellant in the course of the litigation, we consider that the case is not one for declaratory relief, and that the trial court should not have entertained jurisdiction of it. We construe the declaratory relief statute, sec. 269.56, as only justifying a declaration of rights upon an existing state of facts, not one upon a state of facts that may or may not arise in the future. So far as the statute has heretofore been invoked in cases that have reached this court, an existing state of facts has been the basis of the declaration or adjudication. *Rosenberg v. Whitefish Bay,* 199 Wis. 214, 225 N. W. 838; *Northwestern Nat. Ins. Co. v. Freedy,* 201 Wis. 51, 227 N. W. 952; *Milwaukee v. Chicago & N. W. R. Co.* 201 Wis. 512, 230 N. W. 626; *S. S. Kresge Co. v. Railroad Comm.* 204 Wis. 479, 235 N. W. 4, 236 N. W. 667.

The statute under which the suit is brought is the Uniform Declaratory Judgments Act, and many cases have arisen under it in other states. These decisions have been digested in 9 Uniform Laws Anno. 121 *et seq.* Many other cases under a like English statute are cited and stated in a note in 12 A. L. R. 69. From these decisions we gather that the statute deals with present rights only; that courts will not declare rights until they have become fixed under an existing state of facts (*In re Sterrett's Estate,* 300 Pa. St. 116, 150 Atl. 159; *Nashville Trust Co. v. Dake,* 162 Tenn. 356, 36 S. W. (2d) 905; *Denver v. Denver Land Co.* 85 Colo. 198, 274 Pac. 743; *Ladner v. Siegel,* 294 Pa. St. 368, 144 Atl. 274; *Wagner v. Somerset County,* 96 Pa. Super. Ct. 434); they will not determine future rights in anticipation of an event that may never happen (*Petition of Kariher,* 284 Pa. St. 455, 131 Atl. 265); they will not give advisory opinions or pass upon uncertain or contingent situations (*Ladner v. Siegel, supra; Reese v. Adamson,* 297

Pa. St. 13, 146 Atl. 262; *In re Pittsburgh's Consol. City Charter,* 297 Pa. St. 502, 147 Atl. 525); or pass upon rights which are future, contingent, or uncertain (*Tanner v. Boynton L. Co.* 98 N. J. Eq. 85, 129 Atl. 617); or entertain a declaratory relief action where ordinary remedies exist for granting the relief prayed for (*Kariher's Petition, supra; Leafgreen v. La Bar,* 293 Pa. St. 263, 142 Atl. 224; *Kimmell's Appeal,* 96 Pa. Super. Ct. 488; *List's Estate,* 283 Pa. St. 255, 129 Atl. 64; *McCalmont v. McCalmont,* 93 Pa. Super. Ct. 303); or take jurisdiction to declare rights which it is feared a defendant may assert. See English cases cited in 12 A. L. R. 73. Parties are not entitled to a declaratory relief judgment on remote questions, or to aid them in another transaction (*Hodges v. Hamblen County,* 152 Tenn. 395, 277 S. W. 901); nor should they be delayed in the prosecution of a cause of action until the determination of a case brought for declaratory relief (*McFarland v. Crenshaw,* 160 Tenn. 170, 22 S. W. (2d) 229). The act was not intended to be used to elucidate or modify or declare rights under an existing decree of a court. *Ladner v. Siegel, supra; Williamsport v. Williamsport Water Co.* 300 Pa. St. 439, 150 Atl. 652. While sec. 9 of the act recognizes that issues of fact may be litigated in the action, the action more properly lies upon undisputed facts, and courts have a wide discretion which should be exercised with utmost caution, else the courts will be resorted to for advice as to what will be the consequence of the plaintiff's doing some contemplated act or not doing some act which he is under obligation to do. "It has been said by good authority that 'a declaration may properly be refused if it can be made only after a judicial investigation of disputed facts.' " *Newsum v. Interstate Realty Co.* 152 Tenn. 302, 278 S. W. 56, citing 3 Freeman on Judgments (5th ed.) p. 2789, where the decisions under the English statute are considered.

There are many reasons under the rules above stated why this suit should not have been entertained. The rights of Shapiro to proceed to sale were fixed by his judgment of foreclosure; he had the right to proceed under that judgment; this action delayed his proceeding. The plaintiffs have no present right to subrogation; right to subrogation does not accrue until payment is made. The plaintiffs' right to subrogation is future, contingent, and uncertain; they may never pay any part of the debt incumbent on the other Hellers to pay; the other Hellers may pay it themselves. The plaintiffs are asking the advice of the court as to what will be the effect of their payment, if they do make it, of the amount primarily payable by the other Hellers. The effect of the declaration in this case is to aid the Hellers in their transaction with the Building and Loan Company; it is a remote question, incidental to that transaction, and enables them to decide whether they will or will not pay further under that transaction. The Hellers may when they make payments entitling them to subrogation, if they ever do make them, bring an ordinary action in equity praying for subrogation. There was no occasion whatever to declare rights as between Shapiro and the mechanic-lien claimants; there was no controversy between them. That facts were at issue on which the rights between the plaintiff and Shapiro would depend afforded discretionary power to refuse to entertain the action.

In *Tanner v. Boynton L. Co., supra,* a case similar to this in its facts, the court refused to entertain the action. A materialman in a mechanic's lien foreclosure procured a judgment of foreclosure against the owner and a general judgment against the builder. He had from the builder a chattel mortgage and an assigned chose in action to secure the builder's debt for materials. The owner brought an action for declaratory relief asking the court to declare him

entitled to have the materialman exhaust his chattel mortgage and pledge security before proceeding to sale on the foreclosure judgment and to declare him (the owner) subrogated to the general judgment against the builder in case he (the owner) paid the general judgment. The action was dismissed because the owner might not pay the judgment and unless he did no possible right of subrogation would arise, and in any case subrogation would not arise until he paid; and because proceeding with the case would delay the materialman in enforcing his judgment against the owner.

Doubtless had the appellant demurred to the complaint for insufficiency of the facts alleged to constitute a case for declaratory relief, and adequately presented the grounds for his position, the learned trial judge would have sustained the demurrer. It is regrettable that this was not done and a trial at such length and labor avoided. It is also regrettable that the parties should be compelled to litigate over again the questions attempted to be raised *"if, as, and when"* the respondent pays the full amount of the Building and Loan Company's mortgage. But it should be called to the attention of the profession that the courts will not, under the statute, act in a mere advisory capacity or take cognizance of questions that may never arise or permit resort to the statute until an actual controversy has arisen under an existing state of facts, and we consider that this may most forcibly be done by ignoring the questions the trial court attempted to settle by its declaratory judgment.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on June 20, 1932.