RIEBS COMPANY, Appellant, vs. MORTENSEN, Commissioner of Insurance, and others, Respondents.

*October 9—November 5, 1935.*

For the appellant there was a brief by *I. G. Strauss* and *Hersh & Morse,* all of Milwaukee, and oral argument by *Mr. Emil Hersh* and *Mr. Strauss.*

For the respondents there was a brief by the *Attorney General* and *Joseph G. Hirschberg,* deputy attorney general, attorneys for H. J. Mortensen, Commissioner of Insurance, and *Olin & Butler* of Madison, attorneys for George E. Nichols and the Fire Insurance Rating Bureau, and oral argument by *Harry L. Butler* and *Byron H. Stebbins* of Madison.

WICKHEM, J. It is the view of the court that the allegations of the complaint are insufficient to show the existence of a controversy or any basis for declaratory relief.

Plaintiff is a manufacturer, and desires to have written and issued to it such policies protecting against interruption of use by fire as its peculiar needs call for. The insurance companies, in consequence of the rulings of defendants, decline to issue such policies or to issue any policy except upon the standard form having defendants' approval. We are unable, upon these facts, to discover a controversy. There certainly is no controversy with the insurance companies, or with any one of them, and, if there were, it would not relate to any right of plaintiff since the company could decline, upon any ground it chose, to issue a policy to plaintiff without bringing into question or controversy any of plaintiff's rights. Further than this, sec. 269.56 (11), Stats., provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. . . ."

Thus, even if there were a controversy between plaintiff and one or more insurance companies, there could be no declaration in this action, since no insurance company has

been made a party. Nor do we discover any controversy with defendants. True, plaintiff objects to the actions and rulings of defendants, and deems itself aggrieved by them, but there is no actual or threatened interference even with what plaintiff conceives its rights to be. No company has issued to it such a policy as plaintiff desires, nor is there any allegation that any company is presently willing to do so. What plaintiff asks is a ruling, predicated upon the hypothesis that plaintiff secures such a policy, that the policy will be valid and not subject to control or criticism by defendants. If the ruling is favorable, the likelihood that some company will be willing to issue such a policy is measurably increased. To take jurisdiction in such a situation would constitute the giving of legal advice, not the declaration of controversial rights. *Sun Prairie v. Wisconsin Power & Light Co.* 213 Wis. 277, 251 N. W. 605; *Heller v. Shapiro,* 208 Wis. 310, 242 N. W. 174. That plaintiff has no standing in this action as a member of the general public is clear. The case of *State ex rel. Ekern v. Dammann,* 215 Wis. 394, 254 N. W. 759, is relied upon by plaintiff. In that case a political group, whose constitutional rights to form a political party were menaced by an official ruling directly affecting these rights, was said to have sufficiently shown a justiciable controversy. Here plaintiff has shown no interest or right, save as all members of the general public have an interest in the proper administration of law. It is entitled to no declaratory relief because its rights are not involved in controversy, and because it is not the proper person to vindicate the rights of the general public other than incidentally to the vindication of its own rights.

*By the Court.*—Order affirmed.