STATE EX REL. STATE CENTRAL COMMITTEE OF THE PROGRESSIVE PARTY OF WISCONSIN and another, Plaintiffs, vs. BOARD OF ELECTION COMMISSIONERS OF THE CITY OF MILWAUKEE and others, Defendants.

*March 13—March 26, 1942.*

For the plaintiff, *John E. Roe, Harold M. Wilkie,* and *Lyall T. Beggs,* all of Madison.

For the defendants, *Walter J. Mattison,* city attorney, *Omar T. McMahon,* assistant city attorney, *William F. Quick,* and *Edwin W. Knappe,* all of Milwaukee, and *Anna Mae Davis* of Madison.

PER CURIAM.   When this court took original jurisdiction of this cause solely to determine whether the petition viewed as a complaint stated a cause of action for declaratory relief, it expressed the view that while the subject matter of the litigation considered generally so importantly affected the franchises and rights of citizens as to warrant the exercise of original jurisdiction, it was in grave doubt whether the facts alleged were sufficient to state a cause of action for declaratory relief.   The attention of counsel was called to the case of *McCarthy v. Hoan,* 221 Wis. 344, 346, 266 N. W. 916, in which the following statement was made:

"At the outset, we are confronted with the question whether any ground for declaratory relief is alleged or shown.   It is our conclusion that it is not.   The statute was not enacted in the interest of any party or any citizen or group of citizens, but merely constitutes a device to secure honest elections. This being true, neither plaintiff's rights nor those of the political group of which he is a member are in controversy, and plaintiff seeks merely to vindicate a public right to have the laws of the state properly enforced and administered."

In the *McCarthy Case, supra,* plaintiff sued as a private citizen seeking a construction of sec. 10.01, Stats., dealing with the same subject matter as this action.   The statement of the court was, of course, directed principally to the question

whether plaintiff had any standing to bring the action. Since, in the view of the court, neither he nor the political group of which he was a member had any rights under the statute, it was held that he had no standing to vindicate in his own name, a public right to have the laws of the state properly enforced and administered. On this point, of course, the situation here is quite different in that, (1) plaintiffs have applied to the attorney general to commence action in the interests of the public; (2) the attorney general has refused to commence such an action; (3) the attorney general has consented that plaintiff prosecute this action in the name of the state of Wisconsin; (4) the action is prosecuted in the name of the state of Wisconsin.

It would seem under the doctrine of the *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164, that for the purposes of this action, we must consider the state to be the real party and to have the interest in the proper enforcement of its laws which was held lacking in the *McCarthy Case.* However, it does not follow that the *McCarthy Case* has no bearing upon the present controversy. In directing our attention, not to plaintiff's standing to bring this action, but to the question whether this is a proper case for declaratory relief, we may not overlook the express holding in the *McCarthy Case* that sec. 6.32, Stats., has for its purpose, not the distribution of offices among political parties in proportion to their voting strength and the creation in them or their members of rights, but merely the maintenance of honest and uncorrupted elections; that the division of election officials among the predominant political parties is a mere device to insure vigilance in this direction by those who have an important political stake or motive.

Hence, the only matter of great public concern is that elections be honestly conducted and that the devices contrived by the legislature to secure this result be not so distorted as to defeat the purpose of the legislature.

We are unable to discover any allegation remotely intimating that interpretation of the sections of the statutes referred to in the complaint is necessary in order to avoid danger of a dishonest or corrupt election. In fact, from what the court judicially knows, the contrary affirmatively appears. Upon analysis this controversy has a very narrow scope, both legally and geographically, especially in view of the decision of this court in *State ex rel. Milwaukee C. Rep. Comm. v. Ames,* 227 Wis. 643, 278 N. W. 273. In the *Ames Case,* this court interpreted sec. 6.32, Stats., and clearly indicated the scope and meaning of that section. While the decision was by a divided court, and there are allegations in the complaint indicating that, if necessary, a reconsideration of that decision will be asked, it is necessary to point out that constructions of statute, even though arrived at by divided opinion, are generally adhered to, at least where they have survived subsequent sessions of the legislature, and the legislature itself has accepted the interpretation of the court by not amending the statute. This is a very strongly established judicial policy and the particular construction has survived two sessions of the legislature. *Milwaukee County v. City of Milwaukee,* 210 Wis. 336, 246 N. W. 447, and *Estate of Siljan,* 233 Wis. 54, 288 N. W. 775.

This interpretation, so far as material in the present controversy, certainly diminishes the need for declaratory relief. The *Ames Case, supra,* has answered at least one of the important questions in this case. It has determined that under sec. 6.32, Stats., the Progressive party, having had no presidential candidate or presidential electors in the last general election, is not presently to be treated as a dominant party in the state of Wisconsin. Hence, all of the allegations of the complaint which emphasize the refusal of defendants to recognize the Progressive party, or to respect its claim to be a dominant party, are mere allegations that defendant is following the statute as construed by the court.

That leaves in the case solely the question whether the Socialist party is for any purposes under either sec. 6.32 or 10.04 (6), Stats., entitled to be considered a dominant political party. The practical scope of the inquiry is further narrowed when judicial notice is taken of the fact that the Socialist party, whatever its standing as a political party under the statutes, has practically no voting strength outside of Milwaukee county. As a state-wide proposition, the Democratic and Republican parties under the rule in the *Ames Case* are, at least until the next general election, the two dominant parties, with practically no exceptions throughout the state. The same thing applies in Milwaukee county, except for one office, and that is the office of inspector. Sec. 10.04 (6) provides for appointments of inspectors from three dominant parties instead of two. As to ballot clerks, the rule in sec. 10.04 (6) is the same as in sec. 6.32.

Hence, the only question that we are asked to decide is one in which relators have certainly no private interest, and in which the public can have no great concern so far as the securing of honest elections is concerned, because, assuming an erroneous interpretation by election commissioners, it only means that a third political group is given inspectors in addition to the two dominant groups. This cannot be said to increase the chances of a dishonest election.

Further than this, there is no present emergency or present need for action, nor will any action that we can take at this time make any substantial contribution to the public interest. The officers of election have already been appointed for the period in question. None of the appointees to these offices is a party to this action. Nothing that is decided here will be binding upon these appointees, nor operate to change the practical situation in regard to them.

It is set forth in the requested amendment to the petition that vacancies frequently do, and will occur, and that as to these the interpretation of the Board of Election Commis-

sioners indicates that they will continue to interpret the statutes as they have in the past and that an authoritative interpretation is necessary to correct this possible difficulty. It appears to us that to grant relief for this reason would be to answer a purely hypothetical question, and to give legal advice that this court refused to give in *State ex rel. La Follette v. Dammann,* 220 Wis. 17, 264 N. W. 627, and *Riebs Co. v. Mortensen,* 219 Wis. 393, 263 N. W. 169.

For the foregoing reasons we hold that there should be no declaration in this case. We are also of the view upon reconsideration that we were in error in assuming original jurisdiction of the cause, even for the limited purpose of determining whether declaratory relief could be given. As pointed out before, the matter is not one of state-wide concern and there is no present or pressing emergency that justifies the extraordinary intervention of an original action. It was pointed out in *In re Exercise of Original Jurisdiction,* 201 Wis. 123, 229 N. W. 643, and in *Petition of Heil,* 230 Wis. 428, 284 N. W. 42, that this court will only entertain original jurisdiction in exceptional cases. This is not such a case.

We are asked by the petitioner in case declaratory relief is refused to retain jurisdiction for the purpose of granting equitable relief, or of entertaining an action in the nature of *mandamus* or *quo warranto.*

In view of the foregoing conclusions, we think that we ought not to go further in this case than the purposes for which jurisdiction was originally entertained. This, especially in view of our conclusions as to the propriety of entertaining the case in the first place. Further than this, we have not before the court proper persons to an action to try title to any of the offices involved, and these persons should not be foreclosed from putting forth such objections as they may have to assumption of original jurisdiction of such an action.

Action dismissed.