SKOWRON, Respondent, vs. SKOWRON, Appellant.

*March 5—April 3, 1951.*

For the appellant there was a brief by *Gold & McCann* and *Arthur Magidson,* all of Milwaukee, and oral argument by *Mr. Ray T. McCann* and *Mr. Magidson.*

*Harry S. Sicula* of Milwaukee, for the respondent.

BROWN, J. Defendant demurred because, (1) the court has no jurisdiction over the subject of the action, and (2) the complaint does not state a cause of action. We consider that the demurrer should have been sustained on the latter ground.

Jurisdiction to enter declaratory judgments is given the court by sec. 269.56, Stats. Read literally, the subsections (2) and (3) thereof seem to require courts to give advisory opinions in any question concerning a contract, but before the law was enacted in Wisconsin other states had enacted and construed it, as the Uniform Declaratory Judgments Act, which constructions come with it into our own jurisprudence. Since its enactment in this state in 1927, this court also has often construed it and it is well settled that the act does not compel or permit the courts to give advisory opinions and they properly refuse judgments unless the pleadings present a justiciable controversy ripe for judicial determination. The statute deals with present rights only. Courts will not declare rights until they have become fixed under an existing state of facts nor will they determine future rights in anticipation of an event that may never happen. *Heller v. Shapiro* (1932), 208 Wis. 310, 242 N. W. 174; *Sun Prairie v. Wisconsin Power & Light Co.* (1933), 213 Wis. 277, 251 N. W. 605.

In the instant case the only allegation of present facts affected by the contract concerns the agreement that Mr. Skowron shall provide a home for his wife. That matter is not in issue for she does not charge that he does not provide it

or threatens not to in reliance on the contract. In all other respects the contract is concerned with rights which are future and contingent,—Mrs. Skowron's rights if she survives her husband or if they are divorced. The court should not anticipate that either situation will occur but should wait until the event giving rise to rights has happened. *State ex rel. La Follette v. Dammann* (1936), 220 Wis. 17, 264 N. W. 627.

Neither could a present judgment in accord with the demand of the complaint terminate the controversy, and sec. 269.56 (6), Stats., gives the court discretion to refuse to render judgment in such event. Mr. Skowron's refusal to share his title to property or his control of his financial interests and affairs with his wife does not depend upon the validity or invalidity of the contract. He may be disagreeable in asserting his right to retain ownership and control but the right is his nevertheless and no judgment concerning the antenuptial agreement could alter it. Whether, if we told him the agreement was void, he would mend his manners is uncertain but it is certain that courts should not enter judgments for such reasons when the legal rights or conduct of the parties could not be affected thereby.

Mrs. Skowron refers us to our own decisions in which she submits the existence of a justiciable controversy was as vague as it is at present but declaratory judgments were given nevertheless. In *Northwestern Nat. Ins. Co. v. Freedy* (1930), 201 Wis. 51, 227 N. W. 952, no objection was made that the action was not one proper for a declaratory judgment and the court did not so dispose of it on its own motion. We said that the trial court should not have entertained the suit for declaratory relief and proceed through trial on the merits and then dismiss the action without declaring the law. The opinion did not discuss the question involved here. We do not think the other cases are comparable to hers because in them the complaints showed that courses of action were

required or had actually been commenced which were affected by the uncertainties sought to be resolved. Thus in *Milwaukee v. Chicago & N. W. R. Co.* (1930), 201 Wis. 512, 230 N. W. 626, the city and the railroad had a contract that the city would repair a viaduct over the defendant's tracks. The complaint states that it was beyond the city's power to make such a contract and, accordingly, it is void; the law requires the railroad to repair the structure but the railroad relies on the contract and will not do so. The court is asked to determine which party must make the repairs which the complaint alleges are presently urgently needed. Thus it appears that facts were alleged describing an existing situation where the immediate legal rights and duties of the parties were affected by the contract in controversy. The Skowron complaint does not present such a situation. In *Gray v. Stadler* (1938), 228 Wis. 596, 280 N. W. 675, 281 N. W. 280, the plaintiff was tenant under a lease which contained an option for renewals for fifteen-year periods on like terms. The complaint alleged that the plaintiff had greatly improved the property but she had left the state and could not use it longer; she wished to sell her lease and had secured a purchaser but the defendant-owner had informed the prospective purchaser that he interpreted the lease as granting only one renewal at the old rent and he would not renew beyond that. Plaintiff alleged that this interpretation prevents the sale and destroys plaintiff's equity in the property. Construction of the renewal privileges was asked and was granted. The controversy was justiciable and ripe for judgment.

In *Rosenberg v. Whitefish Bay* (1929), 199 Wis. 214, 225 N. W. 838, the plaintiff had caused plans to be prepared for an apartment building to be built on his land. He was refused a building permit after which the village zoned the property to prohibit such a building. Rosenberg asked judgment declaring whether the new ordinance applied to him before he invested any more money in the project. Declar-

atory judgment was given. In *S. S. Kresge Co. v. Railroad Comm.* (1931), 204 Wis. 479, 235 N. W. 4, 236 N. W. 667, the plaintiff proposed to erect a building which would encroach on the bed of the Rock river where it was not navigable in fact. Plaintiff feared that after it finished the building the state might decide to improve navigation and would order the building torn down. Before investing the money the plaintiff wanted to know its rights. It also asked for an injunction to prevent the railroad commission from protesting to the war department that plaintiff was obstructing navigation. The latter demand would require a judgment in any event, but the court also gave a declaratory judgment on the principal question. In both the *Rosenberg* and the *Kresge Cases,* the plaintiffs were proceeding in the enterprises which the judgment would affect.

There are no allegations in Mrs. Skowron's complaint that she is doing or is about to do anything which any interpretation of the contract affects, or that the defendant asserts rights in reliance on any interpretation which he could not assert equally well without it. When we try to pull the allegations and argument together all we find is that when Mrs. Skowron was advised that the contract was void she started an action for divorce which, when she was told it was valid, she dismissed. We conclude that the complaint has not presented a justiciable controversy ripe for judicial determination. Consequently, no cause of action for declaratory judgment is stated and the demurrer should have been sustained.

*By the Court.*—Order reversed and cause remanded with directions to sustain the demurrer with leave to the plaintiff to amend her complaint on such terms as the trial court shall prescribe.