ROSE MANOR REALTY COMPANY, Respondent, vs. CITY OF MILWAUKEE and another, Appellants.*

*February 8—March 6, 1956.*

* Motion for rehearing denied, with $25 costs, on May 1, 1956.

For the appellants there was a brief by *Walter J. Mattison*, city attorney, and *Ralph J. Chmurski* and *Carl F. Kinnel*, assistant city attorneys, and oral argument by *Mr. Chmurski*.

For the respondent there was a brief and oral argument by *Edward S. Grodin* of Milwaukee.

GEHL, J.   The substance of the allegations of the complaint is as follows: Plaintiff is the owner of a parcel of real estate in the city abutting upon the west bank of the Milwaukee river and as riperian owner owns the land up to the center of the river.  The land is used for the purpose of parking automobiles for hire.  On March 3, 1854, the legislature by charter conferred upon the city authority to establish dock and wharf lines on the banks of the river.  The charter provision, sec. 13.11, reads as follows:

"The common council of said city shall have power, by ordinance, to establish dock and wharf lines upon the banks of the Milwaukee, Menomonee, and Kinnickinnic rivers, and

the public canals in said city, wherever the same are not established by statute; to restrain and prevent encroachments upon said rivers and canals, and obstructions thereto; and to construct, alter, and maintain, or cause to be constructed, altered, and maintained, at the expense of the city, docks or wharves along the banks of said rivers and canals, where the same are not by law required to be constructed and maintained at the expense of the owners of the lots bounded on said rivers and canals respectively."

On December 15, 1953, the building, grounds, and harbor committee of the city passed a resolution to establish a new dock line along the west bank of the river abutting plaintiff's land.

"On May 24, 1954, said committee unanimously voted to recommend to the said common council that said resolution to re-establish a dock line along the westerly bank of the Milwaukee river abutting and including plaintiff's property be enacted on or about August 31, 1954, into a city of Milwaukee ordinance; that said resolution has been drawn into final form and is ready and ripe for presentation to the common council and their vote thereon for the enactment into law as an ordinance of said resolution; that plaintiff was assured by the chairman of said committee, one Al Haas, and by all of the members of said committee and by the president of the common council, one Milton McGuire, that said resolution would be enacted into an ordinance on or about August 31, 1954.

"That said proposed ordinance to re-establish said dock line will substantially move said dock line westward from the westerly bank of said Milwaukee river in and upon the parcel of real estate owned by plaintiff, and said dock line will be many feet west and away from the navigated part of said river and actually covering dry land being a part of said real estate."

The proposed ordinance would substantially move the dock line westward from the west bank of the river upon the real estate of the plaintiff, and the line will be many feet west from the navigable part of the river, and "actually covering dry

land being a part of said real estate." The degree to which the re-establishment of the dock line would be moved onto plaintiff's land is shown in a map attached to the complaint. (It does not appear from the allegations of the plaintiff which of the parties prepared the map.)

"That the purpose of the city of Milwaukee as expressed by its aldermen, including the president of the common council for the re-establishment of said dock line as hereinbefore indicated is to deprive plaintiff of the enjoyment of its legal riparian rights and specifically to deprive plaintiff of its right to build walks, docks, walls, and wharves upon and alongside its parcel of real estate abutting said river; that there is presently in existence an established dock line that serves all proper legal purposes and that said Exhibit 'B' [the proposed ordinance] determines and reveals the existing and contemplated dock line and its encroachment upon plaintiff's real estate."

Plaintiff is in no way interfering with navigation upon the river.

". . . that said city has no valid purpose or power or authority for re-establishing said dock line and said resolution and proposed ordinance is capricious and arbitrary and would in no way aid river navigation; said resolution and said proposed ordinances would be contrary to the expressed purpose of said 13.11 and the authority of the state of Wisconsin and the United States of America interpreting same. "Plaintiff, as a taxpayer and owner of said real estate, brings this action under and pursuant to the provisions of section 269.56, Wisconsin statutes, to have determined by this court the powers and limitations thereon of said city of Milwaukee with respect to the rights of both plaintiff and defendants herein under 13.11 of the city of Milwaukee charter and under and pursuant to the resolution and proposed ordinance hereinbefore referred to."

The amended prayer for relief is as follows:

"Wherefore, plaintiff demands declaratory judgment herein defining, establishing, and determining the powers of the

city of Milwaukee in said matters herein set forth, particularly with respect to the city of Milwaukee charter, section 13.11, and the rights and interests of the plaintiff and defendants herein.

"Plaintiff further demands that, pending the final determination of the questions herein raised, said defendants and each of them be enjoined and restrained from in any way enacting said resolution with respect to re-establishing said dock line, and that plaintiff have such other and further relief as may be just and equitable in the premises, and plaintiff further demands that the defendants be permanently enjoined and restrained from in any way enacting said resolution with respect to re-establishing said dock line."

In order that plaintiff's purpose may be understood, we have set forth in detail, and in some instances verbatim, the allegations of its complaint. Manifestly, its principal purpose is to obtain from the court a judgment restraining the Milwaukee city council from *passing an ordinance* which plaintiff alleges will of itself "substantially move said dock line westward" upon its real estate.

The first paragraph of its prayer must be construed as an incidental request for an advisory opinion concerning the powers of the city, particularly with respect to sec. 13.11 of its charter. "To take jurisdiction in such a situation would constitute the giving of legal advice, not the declaration of controversial rights." *Riebs Co. v. Mortensen* (1935), 219 Wis. 393, 396, 263 N. W. 169; *State ex rel. State Central Comm. v. Board* (1942), 240 Wis. 204, 3 N. W. (2d) 123. Courts will not under the provisions of sec. 269.56, Stats., declare rights until they have become fixed under an established state of facts, and will not determine future rights in anticipation of an event that may never happen. *Heller v. Shapiro* (1932), 208 Wis. 310, 242 N. W. 174. As we shall point out later in this opinion, and as undoubtedly already appears, the event or act which plaintiff alleges would affect its rights may never happen.

It appears without question that what plaintiff really seeks is a judgment which would restrain the city council from enacting an ordinance. Plaintiff contends that sec. 13.11 of the charter is void and that the city should not be permitted to proceed under its provisions. It cites *Yates v. Milwaukee* (1871), 77 U. S. 497, 19 L. Ed. 984, as authority for its contention as to the invalidity of the section, although it should be observed that in that case, so far as the validity of the section is concerned, the court actually went no further than to hold (p. 507):

"On the whole we are of opinion that Shephardson, as riparian owner of a lot bounded by a navigable stream, had a right to erect this wharf, and that Yates, the appellant, whether he be regarded as purchaser or as licensee, has the same right; and that if the authorities of the city of Milwaukee deem its removal necessary in the prosecution of any general scheme of widening the channel and improving the navigation of the Milwaukee river, *they must first make him compensation* for his property so taken for the public use." (Italics ours.)

It is not alleged that the city presently threatens to perform the physical act of moving the dock line, or that it claims or will claim the right so to act by virtue of and under authority of that section alone, or that if it does so act it will do so without first making plaintiff compensation for its property taken. It appears clearly from the provisions of sec. 13.11 that it is not self-operative. It provides only that the city council "shall have power, *by ordinance,* to . . . alter . . . at the expense of the city, docks or wharves along the banks" of the rivers named, and it is the threatened passage of the operative ordinance of which the plaintiff complains.

By what means or process or from what source the plaintiff has acquired knowledge of the fact that the city council will pass the ordinance does not appear satisfactorily from

the allegations of the complaint. Certainly it may not be anticipated that it will, and it may not be assumed that unless and until the ordinance is passed, the city's representatives will act to plaintiff's prejudice. Plaintiff asks us to act in anticipation of an event that may never happen. We may not do so. *Heller v. Shapiro, supra; Skowron v. Skowron* (1951), 259 Wis. 17, 47 N. W. (2d) 326.

There is an even more compelling reason why we must reverse the trial court. Under our system, legislative powers are confined to legislative bodies. Their acts are not to be controlled by nor subjected to the coercive influence of the courts, and may not be questioned until the courts are called upon to expound or enforce them as completed acts. The restraint operates although our constitution does not contain an express prohibition against one department of government exercising the powers of another. *Goodland v. Zimmerman* (1943), 243 Wis. 459, 466, 10 N. W. (2d) 180. The court in that case said:

"A court cannot deal with the question of constitutionality until a law has been duly enacted and some person has been deprived of his constitutional rights by its operation."

". . . it is not within the power of the judiciary to enjoin the legislature from passing a proposed statute or compel it by mandamus to do so." 11 Am. Jur., Constitutional Law, p. 902, sec. 200.

Counsel cites 2 Anderson, Declaratory Judgments (2d ed.), p. 1415, sec. 621, as supporting plaintiff's contention that a court may entertain an attack upon an ordinance before it takes effect. The author makes a statement which may be so construed, but in the next sentence he goes on to say in language which is applicable here:

"However, it is well settled that the court will not entertain a declaratory action with respect to the effect and validity of a statute in advance of its enactment."

In any event, we are bound by our own precedent, *Goodland v. Zimmerman, supra,* and must confine our activities to the field assigned to us.

Plaintiff calls attention to the familiar rule that municipal corporations have no powers except those conferred upon them by the legislature, and that the proposed ordinance fails to disclose an intent upon the part of the city to promote navigation by moving the dock line. Its argument, as we have already shown, assumes certain facts and circumstances which do not exist, and which neither it nor we may anticipate will ever exist.

It appears to us that plaintiff is confused or misled by its supposition or assumption that the city proposes to take its land without compensation. Nothing which is pleaded suggests that that is the city's purpose. We may not assume that it is, for if it were, the city would run squarely into the rule of *Yates v. Milwaukee, supra,* which we have quoted above.

*By the Court.*—Order reversed, with directions to dismiss the complaint.

STEINLE, J. (*dissenting*). Under court interpretation in this and other jurisdictions, the provisions in statutes such as sub. (2) of sec. 269.56 (Declaratory Judgments Act) are restricted in application to situations where a justiciable controversy exists between persons who have adverse interests; where the person seeking the relief has a protectible interest; where the controversy is ripe for judicial determination; where the judgment requested is not merely to be in the nature of an advisory opinion. Under the decisions it is also the rule that the court may not determine future rights in anticipation of an event that may never happen. A complaint for declaratory judgment, when challenged by demurrer, must be tested in the light of such restrictions. In my opinion the allegations of the complaint in question satisfy

the requirements, and are clearly within the orbit entitling declaratory relief.

Borchard, Declaratory Judgments (2d ed.), p. 794, in treating with construction and interpretation of statutes and ordinances under the Declaratory Judgments Act, points out that:

"The disputed duty or power of a governmental body is often determinable by a correct construction or interpretation of the governing statute, and it is in this way that many of these issues are directly put to the test."

At page 798 of the same work it is said that:

"Public corporations . . . are not infrequently in doubt as to their duties, powers, and privileges, and urgently need conclusive judicial enlightenment. If the issue can be raised against a qualified opponent before they undertake the challenged or questionable action, a valuable public service has been served, the issue having been decided as effectively and conclusively as if it had been raised after a possibly fatal or mistaken action contemplated. *It has been observed that it is a matter of judicial indifference whether the issue was raised by the individual affected by the governmental claim of power or privilege, or by the administration itself.*" (Emphasis supplied.)

Here, the plaintiff seeks a determination of the powers and rights conferred upon the city by provisions of sec. 13.11 of the city of Milwaukee charter (legislation which has been in effect since 1854), in relation to the real estate owned by the plaintiff. True, the charter ordinance is not self-operative. Its provisions become effective by the city's adoption of an ordinance. Had a declaration of the city's powers and rights been sought without the city having initiated steps through its harbor committee to relocate the dock line so as to place it on the plaintiff's land, then clearly the matter would be classified as abstract in character and could only

be of an advisory nature. However, the action undertaken by the city's committee presents a substantial threat to the property rights of the plaintiff. The issue presented by the complaint does not involve a question of condemnation, but rather a consideration as to whether in view of the ruling in *Yates v. Milwaukee* (1871), 77 U. S. 497, 19 L. Ed. 984, the city is authorized under provisions of sec. 13.11 of the charter ordinance, to create a mere artificial and imaginary dock line many feet away from the navigated part of the river, *without making the river navigable up to that line,* and thereby deprive the plaintiff of its land and riparian rights.

The controversy is definite and substantial. It touches the legal relations of parties having adverse legal interests. The plaintiff asserts a tangible—a protectible—interest. Further, the controversy is alive and genuine, and it does not involve mere abstract disagreement or hypothesis. It is ripe for determination in view of the city's assertion of a right which is denied by the plaintiff, and which the city threatens to enforce. The rights as claimed by both parties are present ones rather than such as may or may not come into existence in the future. Clearly, a justiciable controversy exists. The judgment would determine and declare whether the city, under provisions of sec. 13.11 of the charter ordinance, may or may not engage in the program which it threatens to undertake.

While the prayer of the complaint asked for relief to which the plaintiff was not entitled, viz., enjoining the threatened passage of the ordinance to re-establish the dock line, nevertheless, the allegations of the complaint do set forth a cause of action entitling plaintiff to a declaratory judgment for the reasons herein stated. The order overruling the demurrer, was correct.

In view of these considerations, I am obliged to respectfully dissent from the determination of the majority.

I am authorized to state that Mr. Justice CURRIE joins in this dissent.