SELECTIVE INSURANCE COMPANY, Plaintiff and Appellant, v. MICHIGAN MUTUAL LIABILITY INSURANCE COMPANY, Defendant and Respondent: DEYOUNG & BAGIN CONSTRUCTION COMPANY and another, Defendants.

*October 2—October 31, 1967.*

404

For the appellant there was a brief by *Suel O. Arnold* and *Arnold, Murray & O'Neill,* all of Milwaukee, and oral argument by *James T. Murray.*

For the respondent there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *John A. Kluwin.*

HANSEN, J. This action is brought by plaintiff insurance company for declaratory judgment under sec. 269.56, Stats.[1]

---

[1] "269.56 **Declaratory judgments act.** (1) SCOPE. Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

"(2) POWER TO CONSTRUE, ETC. Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise

The action was commenced in Wisconsin because both plaintiff and defendant insurance companies are licensed to do business in Wisconsin.

In essence, plaintiff seeks a declaratory judgment determining that the coverage afforded by its policy to DeYoung & Bagin Construction Company is secondary and applies only after the limits of the policy issued by defendant insurance company have been exhausted; while defendant insurance company contends that since the injuries received by Mahon (employee of defendant insurance company's insured) were caused by the negligent acts of Grewe (employee of plaintiff insurance company's insured), the policy of plaintiff insurance company is primary.

Defendant demurred to the complaint upon the grounds that it appeared on the face thereof that the court has no jurisdiction and also that there is a defect of party-defendants by the omission of Mahon as a necessary party.

---

and obtain a declaration of rights, status or other legal relations thereunder. No party shall be denied the right to have declared the validity of any statute or municipal ordinance by virtue of the fact that he holds a license or permit under such statutes or ordinances.

"...

"(6) DISCRETIONARY. The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.

"...

"(11) PARTIES. When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the right of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard."

Defendant's demurrer was sustained on both grounds and the court entered judgment dismissing plaintiff's complaint. Plaintiff moved to vacate and set aside the judgment and for leave to serve an amended complaint. The motions were denied and plaintiff appeals from the judgment and order denying the motions.

*Miller v. Currie* (1932), 208 Wis. 199, 204, 242 N. W. 570, set forth and established certain requirements of a proper case for declaratory judgment relief, and among those are:

"(1) The exercise of the jurisdiction is discretionary with the court, and, where no consequential relief is sought, it will be exercised with great care, extreme caution, and only where there are special circumstances demanding it.

". . .

"(4) A declaration will not be made in a matter where the interest of the plaintiff is merely contingent upon the happening of some event."

In the case at bar, any potential liability of plaintiff insurer is conditioned and contingent upon a final determination in the pending litigation in Michigan that defendant Grewe or defendant DeYoung & Bagin Construction Company were negligent in causing the injuries sustained by Mahon. In the Michigan action both defendants have filed separate answers denying their negligence. Any determination by a Wisconsin court by way of declaratory judgment as to coverage rights between the two insurance companies would be of no consequence in the event the pending Michigan litigation absolved Grewe and DeYoung & Bagin Construction Company of negligence in causing Mahon's injuries.

Courts will not, under the provisions of sec. 269.56, Stats., declare rights until they have become fixed under an established state of facts, and will not determine future rights in anticipation of an event that may never happen. *Heller v. Shapiro* (1932), 208 Wis. 310, 242 N. W. 174;

*State ex rel. La Follette v. Dammann* (1936), 220 Wis. 17, 23, 264 N. W. 627; *Rose Manor Realty Co. v. Milwaukee* (1956), 272 Wis. 339, 75 N. W. 2d 274.

Therefore, any consideration of declaratory relief is premature and the circuit court properly exercised its discretion in refusing to enter a judgment. It is well settled that the granting or denying of relief in declaratory judgment actions is a matter within the sound discretion of the trial court. In this case there has been no showing that the trial court abused its discretion. *Aetna Ins. Co. v. Transamerica Ins. Co.* (D. C. Tenn. 1967), 262 Fed. Supp. 731; *Travelers Indemnity Co. v. Standard Accident Ins. Co.* (7th Cir. 1964), 329 Fed. 2d 329.

Michigan is a state which has not adopted the Uniform Declaratory Judgments Act. Wisconsin has adopted the Uniform Act. Michigan has chosen to adopt, by general court rule, a Declaratory Judgments Act (Rule 521 of the General Court Rules of 1963, Mich. Stats. Annot.) which rule is derived in general form from the Federal Declaratory Judgment Act, Title 28 USCA secs. 2201, 2202.

The plaintiff contends that the trial court erred in refusing to permit the plaintiff to serve an amended complaint. Plaintiff also concedes that an unsuccessful demurrant is not entitled to plead over as a matter of right. The record discloses that no proposed amended complaint was ever presented.

"The granting of an amendment being discretionary and the court having denied the same, and it appearing that by its ruling the trial court did not abuse its discretionary power, the order and judgment of the lower court in that regard must be affirmed." *M. Schulz Co. v. Gether* (1924), 183 Wis. 491, 501, 198 N. W. 433.

The trial court did not abuse its discretionary power in refusing to permit plaintiff to file an amended complaint.

Inasmuch as we have concluded that the trial court did not err in refusing to permit the plaintiff to file an amended complaint, and that plaintiff's complaint does not state facts which warrant the rendering of a declaratory judgment and that the demurrer was properly sustained and judgment thereupon entered dismissing the complaint, it is unnecessary to consider the other issues raised by the parties.

*By the Court.*—Judgment and order affirmed.