Richard G. LOY, Plaintiff-Respondent,

v.

Donna BUNDERSON, State Farm Mutual Automobile Insurance Company, Ralph Truesdill and General Casualty Company of Wisconsin, Defendants-Respondents, TRAVELERS INSURANCE COMPANY, Defendant-Appellant.†

Court of Appeals

No. 79–1657. Argued August 20, 1980.—Decided February 13, 1981.
—Reconsidered March 12, 1981.
(Also reported in 304 N.W.2d 140.)

† Petition to review granted.

216

For the defendant-appellant there was a brief by *Margaret B. Grabowski,* and *Brennan, Steil, Ryan, Basting & MacDougall, S.C.,* of Janesville, and oral argument by *James E. Brennan.*

For the defendants-respondents there was a brief by *Richard E. Rosenberg* and *Nowlan & Mouat,* of Janesville, and oral argument by *Richard E. Rosenberg.*

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J.   Travelers Insurance Company appeals from orders approving a "special release" by plaintiff to other parties in this action and dismissing the complaint as to other parties and the cross-complaints of other parties.  We reverse the orders.

Plaintiff's wife was fatally injured when the automobile she operated collided with an automobile operated by Donna Bunderson.  A vehicle owned and operated by Ralph Truesdill then struck the rear of the Loy automobile.  Bunderson was insured by State Farm Mutual Automobile Insurance Company under a policy with liability limits of $25,000.  State Farm has offered to pay that amount to the plaintiff in settlement and no issue is raised on this appeal with respect to Donna Bunderson or State Farm.  Truesdill was operating his vehicle in the course of his employment for Chambers & Owens.

Travelers insured Chambers & Owens. The Travelers liability policy has $500,000 limits. General Casualty Company of Wisconsin issued a policy of liability insurance to Truesdill which has $50,000 limits.

Plaintiff commenced this action against Bunderson and State Farm and against Truesdill, General Casualty and Travelers. Bunderson and State Farm cross-complained against Truesdill, General Casualty and Travelers for contribution. Truesdill and General Casualty cross-complained against Bunderson and State Farm for contribution. Travelers admitted that it issued a policy covering the automobile operated by Truesdill but alleged its liability was limited by the terms, conditions and provisions of the policy and did not cross-complain against any other party. Travelers denied in response to interrogatories that Truesdill was an insured person under the Travelers policy.

Plaintiff offered to accept $30,000 in settlement of his action against all parties except Bunderson and State Farm. General Casualty desired to accept that offer, provided it could obtain a $15,000 contribution from Travelers.

Travelers refused to contribute to the $30,000 settlement because it was under the $50,000 limits of the General Casualty policy. Travelers refused to contribute because it contends that General Casualty is the primary carrier and that Travelers is the excess carrier as to Truesdill. General Casualty and plaintiff then sought to settle upon payment to plaintiff of $20,000 in a manner which would allow him to continue his action against Travelers.

A "special release" was devised, the terms of which are substantially as follows: (1) Plaintiff releases Truesdill, General Casualty and anyone else liable for the negligence of Truesdill, up to $50,000; (2) plaintiff re-

serves claims against Truesdill in excess of $50,000; (3) plaintiff satisfies $50,000 of his damages caused by the negligence of Truesdill; (4) plaintiff completely releases General Casualty; (5) plaintiff reserves all rights against all parties other than General Casualty; and (6) plaintiff agrees to dismiss the action against General Casualty and Truesdill, covenants not to sue Truesdill, General Casualty and Chambers & Owens, agrees to indemnify, defend and hold Truesdill and General Casualty harmless as to claims by Travelers and agrees to offset any claim plaintiff may have against Travelers to the extent of any collectible claim Travelers may have against Truesdill or General Casualty.

Plaintiff moved the court for approval of the proposed release. The court granted the motion. The order recites that the court may and does enter a declaratory judgment on the motion; that plaintiff may settle with General Casualty for $20,000; that plaintiff's action will then be dismissed as to Truesdill and General Casualty and that Travelers is obligated to defend Truesdill and to pay any judgment within Travelers' limits over $50,000 based on Truesdill's negligence; and that Travelers shall have no cause of action against Truesdill, Chambers & Owens or General Casualty by virtue of their dismissal from the action or by reason of payments Travelers has or may make in the future in defense of the suit or pursuant to any judgment based on Truesdill's negligence in excess of $50,000.

General Casualty paid Truesdill $20,000 and a release was executed.[1] The trial court entered an order

---

[1] The executed release differs slightly from the proposed release. According to the executed release: (1) Plaintiff releases Truesdill, General Casualty and anyone else liable for the negligence of Truesdill, up to $50,000; (2) plaintiff reserves claims against Truesdill in excess of $50,000 and reserves claims against Travelers but releases Truesdill and Chambers & Owens of liability for any

dismissing the complaint and cross-complaints against Truesdill and General Casualty.

The parties agree that the case presents the following issues:

1. Did the trial court abuse its discretion in granting a declaratory judgment?

2. Did the trial court err in permitting plaintiff to release the insured without releasing the insurer?

3. Did the trial court err in ruling that appellant is precluded from asserting a cause of action against General Casualty in the future?

### *Declaratory Relief Improper*

Section 806.04(1), Stats., provides, in material part, "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

Appellate review of declaratory relief is limited to whether the trial court exercised its discretion within the confines of the statutes and well established precedents. *Tooley v. O'Connell*, 77 Wis.2d 422, 433, 253 N.W.2d 335, 339–40 (1977).

---

sums not covered by insurance; (3) plaintiff completely releases General Casualty; (4) plaintiff agrees to dismiss the action against Truesdill, with prejudice, covenants not to sue Truesdill, agrees to indemnify, defend and hold Truesdill and General Casualty harmless as to claims by Travelers and agrees to offset any claim plaintiff may have against Travelers to the extent of any collectible claim Travelers may have against Truesdill or General Casualty; and (5) if an order approving the settlement is reversed or altered on appeal so as to expose Truesdill or General Casualty to liability to plaintiff, Travelers or Chambers & Owens, then plaintiff agrees to release Truesdill, General Casualty, Travelers and Chambers & Owens from all liability.

The judicially developed conditions to the proper exercise of that discretion "are intended primarily to insure that a bona fide controversy exists and that this court in resolving the question raised will not be acting in a merely advisory capacity." *Tooley,* 77 Wis.2d at 434, 253 N.W.2d at 340. The four conditions are: (1) A justiciable controversy must exist; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy; and (4) the issue must be ripe for judicial determination. *State ex rel. La Follette v. Dammann,* 220 Wis. 17, 22, 264 N.W. 627, 629 (1936).

Appellant concedes the existence of adverse interests and plaintiff's legal interest but does not concede the presence of a justiciable controversy which is ripe for judicial determination.

A justiciable controversy is a claim of present and fixed rights, as opposed to hypothetical or future rights, asserted by one party against another party who has an interest in contesting the claim. *Tooley,* 77 Wis.2d at 434, 253 N.W.2d at 340; *Pension Management, Inc., v. DuRose,* 58 Wis.2d 122, 128, 205 N.W.2d 553, 555–56 (1973), and cases cited. Rights must therefore be declared "upon an existing state of facts, not . . . upon a state of facts that may or may not arise in the future." *Heller v. Shapiro,* 208 Wis. 310, 313, 242 N.W. 174, 175 (1932). Courts should not declare rights in anticipation of an event but "should wait until the event giving rise to rights has happened." *Skowron v. Skowron,* 259 Wis. 17, 20, 47 N.W.2d 326, 327 (1951); *Rose Manor Realty Company v. City of Milwaukee,* 272 Wis. 339, 345, 75 N.W.2d 274, 277 (1956).[2]

---

[2] The principle has been applied to controversies between insurers as to which is the primary and secondary carrier. The

The judgment in *Heller, supra,* declared that "if, as, and when" plaintiffs paid the balance due on a first mortgage, payment of which they had guaranteed, plaintiffs would be subrogated to the rights of the first mortgagee and their rights would be superior to those of the second mortgagee. The supreme court reversed, holding that the trial court should not have entertained plaintiffs' petition because plaintiffs might never pay the first mortgage and were "asking the advice of the court as to what [would] be the effect of their payment, if they [did] make it . . . ." 208 Wis. at 315, 242 N.W. at 176.

The basis for entertaining plaintiff's motion for approval of the proposed release is even weaker than was the basis for declaratory relief in *Heller.* The plaintiffs in *Heller* probably would have been compelled to pay the first mortgage. That compulsion provided an element of certainty that the future fact of payments would occur.[3] 208 Wis. at 312, 242 N.W. at 175. That

---

plaintiff insurer in *Selective Ins. Co. v. Michigan Mut. L. Ins. Co.,* 36 Wis.2d 402, 153 N.W.2d 523 (1967), sought a declaration that its coverage was secondary and applied only after the limits of the defendant's policy were exhausted. The supreme court affirmed a judgment sustaining a demurrer on grounds that plaintiff's liability was contingent on pending litigation involving the alleged negligence of the insured. The court said that courts will not determine future rights in anticipation of an event which may never happen, citing *Heller v. Shapiro,* 208 Wis. 310, 242 N.W. 174 (1932), and *Rose Manor Realty Co. v. Milwaukee,* 272 Wis. 339, 75 N.W.2d 274 (1956). *Compare Iowa Nat. Mut. Ins. Co. v. Liberty Mut. I. Co.,* 43 Wis.2d 280, 289, 168 N.W.2d 610, 614 (1969) (duty of insurer to defend insured in pending suit presents justiciable issue because all facts necessary to determination exist, distinguishing *Selective Ins.* where the issue of insurance coverage "was premature").

[3] Professor Borchard discusses *Heller, supra* n. 2, in terms of ripeness and disapproves of the result. Borchard, *Declaratory Judgments* at 58–59 (2d ed. 1941). Treating the holding in *Heller* as resting on the lack of existing facts, Professor Borchard characterizes it as "very questionable." *Id.* at 418 n. 43. *Heller* nevertheless remains a lead case in this state.

element was wholly lacking when plaintiff sought approval of the release. No party to the proposed release was under compulsion to execute it. Appellant asked for a declaration of the rights of parties to the suit against each other on the basis of future facts with no assurance to the court that those facts would ever occur.

If plaintiff were to have received an adverse decision regarding the effect of the proposed release, nothing prevented him from returning to the court as often as necessary to devise a release satisfactory to him. Courts should not act in a mere advisory capacity. *Heller,* 208 Wis. at 316, 242 N.W. at 176.

We conclude that the trial court abused its discretion when it entertained plaintiff's motion for approval of the proposed release because the controversy is not justiciable.

The question remains whether that abuse of discretion is a moot issue. The release, which was only proposed when relief was sought, has been executed in a slightly different form and is a present fact. The parties have not, however, briefed or alluded to the issue of mootness and have not argued that we should consider the remaining issues regardless of our decision on the first issue.

Although an appellate court may *sua sponte* consider an issue not raised on appeal, *Shea v. Grafe,* 88 Wis.2d 538, 545, 274 N.W.2d 670, 674 (1979), and *Andrzejewski v. Northwestern Fuel Co.,* 158 Wis. 170, 181–82, 148 N.W. 37, 42 (1914), we will usually decline to do so. *Compare Martinson v. Brooks Equipment Leasing, Inc.,* 36 Wis.2d 209, 224b, 152 N.W.2d 849, 154 N.W.2d 353, 354 (1967) (issue not presented on appeal generally should not be considered on rehearing even if raised in lower court), and cases cited.

We are not convinced that plaintiff will suffer undue hardship if we decline to examine the issue of mootness, no matter what its determination. He is represented by imaginative counsel. The parties to the release anticipated and provided for the effect of an adverse decision on appeal. (*See* n. 1.)

Courts must inquire as to their subject matter jurisdiction even if no party raises the question. *State ex rel. Teach. Assts. v. Wis-Madison Univ.*, 96 Wis.2d 492, 495, 292 N.W.2d 657, 659 (Ct. App. 1980). As evidenced by the several circumstances in which a court may but is not required to consider a moot issue, *State v. Cramer*, 98 Wis.2d 416, 420, 296 N.W.2d 921, 923–24 (1980), and *Milw. Pro. Firefighters Local 215 v. Milwaukee*, 78 Wis.2d 1, 15, 253 N.W.2d 481, (1977), mootness does not generally deprive a court of subject matter jurisdiction.

We conclude that we should not consider mootness and its effect with respect to abuse by the trial court of its discretion in granting declaratory relief.

### Remaining Issues

Our ruling as to the propriety of the first issue raised by the parties is dispositive of the appeal. It is therefore unnecessary to discuss the remaining issues raised and argued. *Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938).

*By the Court.*—Order dismissing the complaint and cross-complaints and order approving the release are reversed.

GARTZKE, P.J. (on reconsideration). Respondents request reconsideration on grounds that even if the trial court acted prematurely, the parties are now entitled to a declaration of their rights. Respondents request that

the court of appeals undertake that task. We cannot do so. We have no power to declare the rights of the parties. We may only reverse, affirm or modify a judgment or order or order a new trial. Rule 808.09, Stats.