Agnes KANE, Plaintiff-Appellant,

v.

EMPLOYER'S INSURANCE OF WAUSAU, a
Wisconsin mutual company, Defendant-
Respondent.

Court of Appeals

*No. 87–1465. Submitted on briefs November 9, 1987.—Decided
December 23, 1987.*

(Also reported in 419 N.W.2d 324.)

For the plaintiff-appellant the cause was submitted on the briefs of *Douglas K. Marone* and *Curran, Curran & Hollenbeck, S.C.,* of Mauston.

For the defendant-respondent the cause was submitted on the brief of *David B. Russell* and *Hale, Skemp, Hanson & Skemp,* of La Crosse.

Before Dykman, Eich, and Sundby, JJ.

DYKMAN, J. Agnes Kane appeals from an order dismissing her complaint against Employer's Insurance of Wausau (Wausau). The issue is whether an insurer must give notice to a mortgagee, who is an additional insured under the insurance contract, when the term of the insurance contract is shortened at the request of the mortgagor. Because we conclude there was a duty to give notice, we reverse. We remand for a finding as to whether Wausau gave Kane that notice.

Kane holds a first mortgage on a warehouse in New Lisbon, Wisconsin. The mortgagors, Bailey Brothers, insured the building with Wausau. Kane is listed in the insurance policy as a mortgagee to whom losses would be paid. The policy's original expiration date was December 6, 1985, but Bailey Brothers asked Wausau to change this to April 1, 1985. Wausau did so, but did not send Kane a copy of the endorsement changing the policy's expiration date. On October 28, 1985, the building was destroyed by fire. Wausau refused to pay the policy's proceeds to Kane because the policy had expired.

Kane sued Wausau, and both parties moved for summary judgment. The trial court granted Wausau's motion, holding that Wausau was not required to give Kane any notice that Wausau had shortened the policy term.

In reviewing a summary judgment we follow the same methodology as the trial court. *State Bank of La Crosse v. Elsen*, 128 Wis. 2d 508, 511, 383 N.W.2d 916, 917 (Ct. App. 1986). We need not repeat that methodology here. Kane's complaint states that Wausau insured the building when it burned, that she was a

beneficiary of the policy, and that Wausau has refused to pay her the policy proceeds. Kane's complaint states a claim. Wausau's answer raises a defense because it alleges that the policy covering the building expired before the building burned.

Wausau's affidavit shows that: (1) endorsement No. 4 to Bailey Brothers changed the policy's expiration date from December 6, 1985 to April 1, 1985; (2) all subsequent endorsements to the policy (amendatory endorsements Nos. 5, 6, 7, 8, 9, 10, 11, 12) refer to the policy period as December 6, 1982 to April 1, 1985.

Kane's affidavit alleges that: (1) other mortgagees of Bailey Brothers received copies of amendatory endorsements Nos. 3, 5, 7, 8, 10; (2) no mortgagee received a copy of amendatory endorsement No. 4; (3) Kane received "other Amendatory Endorsements" subsequent to amendatory endorsement No. 2.

Wausau claims that there were eight endorsements subsequent to amendatory endorsement No. 4. The new policy expiration date of April 1, 1985 appears on all endorsements subsequent to No. 4. Kane admits she received "other Amendatory Endorsements," and does not dispute Wausau's claim that there were only eight endorsements subsequent to endorsement No. 4.

Kane admits she received at least one amendatory endorsement subsequent to amendatory endorsement No. 4. Therefore, the issues are whether Wausau must notify Kane of the changed policy period, and if so, whether receipt of an amendatory endorsement, the purpose of which was other than to change the policy period, is notification of a changed policy expiration date because the new expiration date appears on the endorsement. Because the trial court decided the first issue in Wausau's favor, it did not

reach the second issue. On appeal, neither party has raised or briefed the second issue, and we decline to consider it *sua sponte. Loy v. Bunderson,* 101 Wis. 2d 215, 222, 304 N.W.2d 140, 144 (Ct. App. 1981), *rev'd on other grounds,* 107 Wis. 2d 400, 320 N.W.2d 175 (1982).

We therefore consider only whether Wausau must give Kane notice of the shortening of the policy period. Because this question requires the interpretation of an unambiguous contract, a question of law is presented, which we review *de novo. Bartel v. Carey,* 127 Wis. 2d 310, 313, 379 N.W.2d 864, 866 (Ct. App. 1985). Questions of law are properly decided by summary judgment. *Johansen v. Reinemann,* 120 Wis. 2d 100, 101, 352 N.W.2d 677, 678 (Ct. App. 1984).

The insurance contract contained the following standard mortgage clause: "Loss or damage, if any, under this policy, shall be payable to the mortgagee ... and this insurance, as to the interest of the mortgagee ... only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property ...." The insurance contract also read:

> This Company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee ... for 10 days after notice to the mortgagee ... of such cancellation and shall then cease, and the Company shall have the right, on like notice, to cancel this agreement.

■

The standard mortgage clause in an insurance policy is an independent contract between the mortgagee and the insurer. *Polar Mfg. Co. v. Integrity Mut. Ins. Co.,* 7 Wis. 2d 443, 450, 96 N.W.2d 822, 825 (1959).

Wausau concedes that Bailey Brothers' policy contains a standard mortgage clause.

There is no language in the policy requiring Wausau to notify Kane that it has changed the policy's expiration date.[1] However, the term of the policy is a material part of that policy. "[W]hen there is a material alteration in a contract, the modified contract is a nullity in respect to *'non-consenting parties.'*" *Lakeshore Commercial Fin. Corp. v. Drobac,* 107 Wis. 2d 445, 458, 319 N.W.2d 839, 845–46 (1982) (emphasis in original).

Because the policy's term was a material part of the independent contract between Wausau and Kane, Wausau could not unilaterally alter that contract without notifying Kane. Whether it notified her of the changed expiration date is an issue which will have to be resolved in the trial court.

*By the Court.*—Order reversed and cause remanded for proceedings not inconsistent with this opinion. No costs to either party.

[1]In this insurance policy, either the insured or the insurer may cancel the policy. If the insured surrenders the policy and demands cancellation, the insurer must refund to the insured the excess of paid premiums. If the insurer elects to cancel, it must give ten days notice to the insured. If either party cancels the policy, the insurer has a duty to give a ten-day notice of cancellation to a mortgagee. Further, if the insurer wishes to cancel the mortgagee's interest in the policy, it must give a ten-day notice, according to the policy's terms.