Galloway and another vs. Bonesteel.

============

GALLOWAY and another, Appellants, vs. BONESTEEL, Respondent.

*December 8, 1885 — January 12, 1886.*

*Easement: Right of way of necessity: Use of stairway.*

1. When one part of an estate is dependent of necessity for enjoyment on some use, in the nature of an easement, in another part, and the owner conveys either part without express provision on the subject, the part so dependent carries or reserves with it an easement of such necessary use in the other part.

2. A building contained two stores with a hall over both which was used for public meetings, amusements, etc. The south store included a stairway, at the south end of the building, which was the only entrance to the hall above. The owner conveyed the south store without any express reservation of the right to use the stairway, and afterwards conveyed the north store to a different grantee. By these conveyances the grantees became the owners

of the hall in common, and an undivided one-half of the fixtures, furniture, scenery, etc., therein was conveyed to each. It appeared that no other entrance from the street to the hall could be built without destroying the front of the north store and the adaptability of the room above for public meetings. *Held*, that a reservation of the right to use the stairway would be implied in the deed of the south store, in favor of the owner of the north store.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action for a trespass to land. A jury was waived. The findings and conclusions of the trial court will sufficiently appear from the opinion. From a judgment in favor of the defendant the plaintiffs appealed.

*Charles E. Shepard,* for the appellants, contended, *inter alia,* that a way " of necessity " arises only in cases of strict necessity, not of convenience or even *great* convenience. Where the way must be founded on an implied *reservation,* instead of an implied *grant,* the necessity must be stronger. *Dutton v. Taylor,* 2 Lutw. 1487; *Tenant v. Goldwin,* 2 Ld. Raym. 1089; *Proctor v. Hodgson,* 3 Com. Law R. 755; 10 Exch. 824; *Holmes v. Goring,* 2 Bing. 76; *Worthington v. Gimson,* 2 El. & El. 618; *Pearson v. Spencer,* 1 Best & S. 571; *S. C.* 3 id. 761; *Barlow v. Rhodes,* 1 Cromp. & M. 439; *Langley v. Hammond,* L. R. 3 Exch. 161; *Dodd v. Burchell,* 1 Hurl. & C. 122; *Thompson v. Waterlow,* L. R. 6 Eq. Cas. 36; *Gayetty v. Bethune,* 14 Mass. 49; *Grant v. Chase,* 17 id. 443; *Nichols v. Luce,* 24 Pick. 102; *Oliver v. Pitman,* 98 Mass. 46; *M'Donald v. Lindall,* 3 Rawle, 492; *Ogden v. Grove,* 38 Pa. St. 487; *Collins v. Prentice,* 15 Conn. 39; *Hyde v. Jamaica,* 27 Vt. 443; *Allen v. Kincaid,* 11 Me. 155; *Trask v. Patterson,* 29 id. 499; *Scriven v. Gregorie,* 8 Rich. (S. C.), 158; *Turnbull v. Rivers,* 3 McCord, 131; *Alley v. Carleton,* 29 Tex. 78; *Plympton v. Converse,* 42 Vt. 712; *Anderson v. Buchanan,* 8 Ind. 132; *Hall v. McLeod,* 2 Met. (Ky.), 98; *Fetters v. Humphrey,* 18 N. J. Eq. 260; *Prov. Tool Co. v. Corliss Co.* 9 R. I. 564; *Wheeldon v. Burroughs,*

27 Weekly Rep. 165; *Parsons v. Johnson*, 68 N. Y. 62; Goddard on Easements, 25–8, 115–127; Washburn on Easements (4th ed.), ch. 2, § 2, and pp. 103–109.

The "way of necessity" is not inferred directly from the *necessity*, but the necessity is a means of inferring a grant or reservation from the terms of the instrument. It must be found, then, if at all, in the instrument — that is by implication. *Tracy v. Atherton*, 36 Vt. 503. The severance of the two tenements was by a warranty deed, with covenant against incumbrances. This covenant would be broken by the existence of a right of way, and it cannot be inferred from either the instrument or the situation of the premises that the grantor intended to make a covenant which would be immediately broken. *Wilson v. Cochran*, 46 Pa. St. 233; *Russ v. Steele*, 40 Vt. 310; *Blake v. Everett*, 1 Allen, 250; *Weatherbee v. Bennett*, 2 id. 428; *Carbrey v. Willis*, 7 id. 364. The rule of strict necessity has been applied to cases of drainage across a severed tenement, and the cases are pertinent here. *Carbrey v. Willis*, 7 Allen, 364; *Randall v. McLaughlin*, 10 id. 366; *Johnson v. Jordan*, 2 Met. 234; and see *Collier v. Pierce*, 7 Gray, 18. And there is a distinction between continuous and discontinuous easements — such as ways — in respect to necessity; the right arising upon a severance, in the latter class, only "when it is *absolutely necessary* to the enjoyment of the property conveyed." *Lampman v. Milks*, 21 N. Y. 505, 516; *Worthington v. Gimson*, 2 El. & El. 618; *Pearson v. Spencer*, 1 Best & S. 571; Gale & Whateley on Easements, 40; Goddard on Easements, 117–118.

*Edward S. Bragg*, for the respondent, cited *Dillman v. Hoffman*, 38 Wis. 572: *Jarstadt v. Smith*, 51 id. 96; Goddard on Easements, 266–7; *Lampman v. Milks*, 21 N. Y. 507; *Pyer v. Carter*, 1 Hurl. & N. 916; *Ewart v. Cochran*, 7 Jur. (N. S.), 925; *Hall v. Lund*, 1 Hurl. & C. 676; *Viall v. Carpenter*, 14 Gray, 126; *Brigham v. Smith*, 4 id. 297;

*Janes v. Jenkins,* 34 Md. 1; *U. S. v. Appleton,* 1 Sumner, 492; *Morrison v. King,* 62 Ill. 30; *Ingals v. Plamondon,* 75 id. 118; *Thompson v. Minor,* 30 Iowa, 386.

COLE, C. J. This is an action of trespass. The facts upon which the question of law arises are briefly these: Before 1870 one Charles Johnson, the owner in fee of a lot in the city of Fond du Lac, erected a brick building on the south 45 feet and 10 inches of the same, abutting on Main street, which building was known as " Opera Hall Block." The first story of the building was divided into two stores; the north store, now owned by the defendant, being 20 feet and 10 inches wide, including the walls; the south store, owned by the plaintiffs, being 25 feet wide, and including a stairway at the extreme south end to a hall in the second story. This hall occupies the whole space or room above the stores, and was finished by Johnson as and for a hall for public meetings, entertainments, and amusements, and has been used, down to the commencement of the suit, for such purposes. The only entrance provided for reaching the hall is this stairway in the south store. The south store was conveyed by the representative of Charles Johnson to the plaintiffs' remote grantors in 1873, without any express reservation in the deed of the right to use the stairway as a means of entrance to the hall. In 1875 the north store was conveyed to defendant. In the deeds " an equal undivided one-half of all the fixtures, furniture, gas-pipe, meters and burners, scenery and stage machinery, and personal property belonging to or connected with Opera Hall," was conveyed to the respective grantees. The trespass complained of is the entering upon and using the stairway at the south end of the plaintiff's store, by the defendant, as a means of ingress and egress to the hall, which is owned by the parties in common.

The controversy is as to the right of the defendant to

use the stairway for the purpose stated, under the circumstances. His counsel claims that he has that right, and he refers to the legal proposition laid down in *Dillman v. Hoffman*, 38 Wis. 559, in support of his position. That proposition is: "When one part of an estate is dependent of necessity for enjoyment on some use, in the nature of an easement, in another part, and the owner conveys either part, without express provision on the subject, all the authorities agree that the part so dependent, thence called the 'dominant estate,' carries or reserves with it an easement of such necessary use in the other part, thence called the 'servient estate.'" Page 572. In the above case the chief justice remarks that this rule has long been applied to implied reservations as well as implied grants; and he justly says in the opinion that there is great conflict of authority whether the rule as to an implied reservation, where the so-called dominant estate is retained by the grantor, is as liberal as it is in favor of an implied grant where such estate is conveyed. But without entering into any discussion of that question now, we think, upon the facts of this case, a reservation by implication to the defendant of the right to use the stairway as an entrance to the hall must be presumed to exist, so long as the hall shall be used, as it is at present, for a place for public meetings and entertainments. This right rests upon the ordinary principle of law of an easement of necessity for the enjoyment of the hall for that purpose. The reservation of such a right does not rest upon the ground of "absolute physical necessity, but of reasonable necessity, as distinguished from mere convenience;" for the learned circuit court found that no other entrance from Main street to the hall could be built without destroying the front of the store below and the adaptability of the room above for public meetings. This finding is fully sustained by the evidence. The case therefore comes within the rule that "when one part of an estate is

dependent of necessity for enjoyment on some use, in the nature of an easement, in another part, and the owner conveys either part, without express provision on the subject, the part so dependent carries or reserves with it an easement of such necessary use in the other part." *Dillman v. Hoffman, supra; Jarstadt v. Smith*, 51 Wis. 96.

The evidence clearly shows that the hall was originally finished for a place of public meetings. The stairway was constructed as the only entrance to it before either of the stores was conveyed by the owner. This stairway was of course open and visible to the purchaser. Besides, the clause in the deed, in each chain of title to which we have referred, shows beyond all controversy that the understanding or expectation of the parties was that the hall should be used for public meetings and entertainments; for an undivided half of all fixtures, furniture, scenery, and stage machinery connected with the hall was conveyed to each grantee. This shows the intention of the parties; that they understood that the hall was to be used as a common hall for public meetings, and that the stairway was to afford a common entrance to it. Consequently, so long as the hall shall be used for such purposes, the defendant has the right to the use of the stairway. A reservation of such a right will be implied under the circumstances. This view of the law is well supported by many cases cited by counsel, as well as others found in the books, and accords with reason and common justice; for it is obvious that the stairway, if not absolutely necessary, is reasonably necessary for the convenient enjoyment of the room as a hall. If any other entrance should be provided, it would materially alter the architectural design of the building, and almost destroy the advantages of the hall for the purpose it was originally designed. The easement may be said to be one of necessity under the circumstances, and apparent to the purchaser when the south store was sold by the representative of the

original owner. An implied reservation must therefore be presumed.

The court below held that the defendant has a right of way over the stairway leading to the hall. In that view we fully concur. But the court further held, as a conclusion of law, that the plaintiffs have no right to partition the hall by erecting a wall or partition so as to divide the room and cut off the defendant's store from the entrance. As to the correctness of this conclusion we shall express no opinion, for the simple reason that it is not involved in the issues in the case. The plaintiffs' counsel strongly pressed us to pass upon the question whether his clients have or have not the right of walling up the hall along the boundary line, through its center, thus destroying its use as a hall for public meetings. He says this question is distinct and independent of that as to the right of way; that the defendant may well have the right of way, but no right to insist on the upper part of the building always being used as a public hall and to prevent a wall or other construction in it that would destroy it as a hall. But, as we have said, we shall express no opinion upon this point, but purposely leave it open for future consideration should the parties see fit to litigate it. We affirm the judgment dismissing the complaint, on the distinct ground that the defendant committed no trespass in using the stairway as an entrance to the hall. No other question is intended to be passed upon or decided. The judgment of the circuit court, with this qualification, is affirmed.

*By the Court.*— Ordered accordingly.