HUMBLE OIL & REFINING COMPANY, Respondent, v. SCHNEIDER FUEL & SUPPLY COMPANY, Appellant.

*No. 233. Argued April 4, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 223.)

554

For the appellant there was a brief by *Lichtsinn, Dede, Anderson & Ryan* of Milwaukee, and oral argument by *Eldred Dede.*

For the respondent there was a brief by *Davis, Kuelthau, Vergeront & Stover* of Milwaukee, and oral argument by *Robert E. Kuelthau.*

WILKIE, J.   This action for declaratory judgment was brought pursuant to the provisions of sec. 269.56, Stats., which provides in part as follows:

"**Declaratory judgments act.**   (1) SCOPE.   Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed.  No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for.  The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

". . .

"(5) ENUMERATION NOT EXCLUSIVE.   The enumeration in subsections (2), (3) and (4) does not limit or restrict the exercise of the general powers conferred in subsection (1) in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an *uncertainty.*" (Emphasis added.)

The first issue presented on this appeal is whether, as to the first cause of action, there is an uncertainty as to whether the plaintiff has an implied easement of necessity.

In its first cause of action, plaintiff alleges facts which, if proved, would require a court to hold that plaintiff has an implied easement of necessity over the land of

defendant.[1] The complaint seeks to have the court declare that such an easement actually exists.[2]

Defendant contends that the case law is so clear there can be no "uncertainty" as to the existence of the implied easement asserted in the first cause of action by plaintiff.[3]

Although the complaint sets forth the necessary allegations for an implied easement of necessity, this does not mean that the defendant has no defense to that cause of action. Accordingly, there is sufficient uncertainty as to the existence of the alleged implied easement of necessity to warrant a declaratory judgment. There is the further uncertainty as to the precise location of the easement.[4]

Furthermore, as plaintiff notes, there is sufficient doubt and uncertainty as to the existence and location of the easement to cause the prospective purchaser of the premises to require that the matter be judicially resolved before the sale can be consummated.

Defendant contends that it has no legal duty "to go to the trouble and to stand the expense of preparation, execution and delivery of a confirmation of a clear, certain and undisputed right." However, in its complaint plaintiff does not seek to have the defendant prepare any documents. Rather, the prayer for relief as stated in the complaint merely asks the court to declare the exis-

[1] See Dillman v. Hoffman (1875), 38 Wis. 559; 25 Am. Jur. 2d, Easements, pp. 447–450, secs. 34–36.

[2] Sec. 269.56, Stats.

[3] See e.g., Sicchio v. Alvey (1960), 10 Wis. 2d 528, 103 N. W. 2d 544; Niedfeldt v. Evans (1956), 272 Wis. 362, 75 N. W. 2d 307; Frank C. Schilling Co. v. Detry (1930), 203 Wis. 109, 233 N. W. 635; Galloway v. Bonesteel (1886), 65 Wis. 79, 26 N. W. 262; Jarstadt v. Smith (1881), 51 Wis. 96, 8 N. W. 29; Dillman v. Hoffman, supra, footnote 1.

[4] 25 Am. Jur. 2d, Easements, p. 475, sec. 68.

tence, location and scope of the implied easement of necessity.

The second issue presented on this appeal concerns the second cause of action in which plaintiff, in the alternative, seeks an easement by prescription. The issue is whether that cause of action is demurrable by reason of the incorporation into that cause of action of all the allegations of the first cause of action.

In essence, defendant contends that, by incorporating into the second alternative cause of action all the allegations of the first cause of action, plaintiff has pleaded "inconsistent facts in the same cause of action." It argues that because the specific facts alleged in the first cause of action are more relevant than the conclusions of fact in the second cause of action, the inconsistent claim of prescriptive easement must fail.

However, plaintiff contends that there are no facts alleged in the first cause of action that are inconsistent with those of the second cause of action. Plaintiff submits that the facts alleged in the first cause of action are those which may, by operation of law, give rise to an easement of necessity.[5] If, after hearing the evidence at the trial, the court decides that the law will imply an easement of necessity, then the second cause of action must fail because plaintiff's use of the roadway will have been deemed permissive.[6] However, if because of a possible defense to the first cause of action the court will not imply an easement of necessity, then those same facts, coupled with the allegations set forth in the alternative second cause of action, can be the basis of a claim for a prescriptive easement.[7] Thus, plaintiff submits there is no inconsistency in the facts alleged.

---

[5] *Supra,* footnote 3.

[6] *See Bino v. Hurley* (1961), 14 Wis. 2d 101, 109 N. W. 2d 544.

[7] *See Shellow v. Hagen* (1960), 9 Wis. 2d 506, 101 N. W. 2d 694; 25 Am. Jur. 2d, *Easements,* pp. 452–459, secs. 39–49.

Although plaintiff does not dispute the proposition that the implied easement of necessity is permissive and cannot ripen into a prescriptive easement, it is nevertheless proper for this plaintiff to plead inconsistent causes of action in the alternative, seeking either an implied easement or one by prescription.

*By the Court.*—Order affirmed.