JAMES DALE KOPET, A MINOR, BY HIS FATHER AND NATURAL GUARDIAN, JAMES F. KOPET, JR., AND ANOTHER v. MARGARET EDITH BEARL.

182 N. W. (2d) 833.

December 24, 1970—No. 42405.

496

*Nemerov Law Offices,* for appellants.
*Clifford G. Nelson,* for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Peterson, and Rosengren, JJ.

PER CURIAM.

Appeal by plaintiffs from an order of the district court issued pursuant to Minn. St. 540.08 approving settlement of plaintiff minor's personal injury claim over the objection of his father and natural guardian, who brought the action against defendant, Margaret Edith Bearl, on the minor's behalf.

The action arose out of an accident on September 17, 1966, in which the minor, James Dale Kopet, was hit by a toy arrow and sustained personal injury resulting in loss of his right eye and facial disfigurement. The accident occurred at the home of the plaintiff father while his son and 4-year-old nephew, Donald Bearl, were playing with a toy bow and arrow belonging to James. Plaintiffs allege that the accident was caused by the negligence of defendant, Donald's mother, in her failure to properly supervise and exercise control over her son, who accidentally shot the arrow into the minor plaintiff's eye.

Prior to trial, a conference attended by the parents of the minor plaintiff and trial counsel resulted in the order now under attack whereby the court, despite vigorous objections of the minor's parents, directed the acceptance of a settlement of $2,000 offered by the defendant. This action was taken after the trial judge had examined the pretrial depositions of the defendant and the minor plaintiff. As the trial judge patiently and repeatedly explained to the minor's parents, it was based on his considered judgment that under the facts—

"* * * there would be no recovery in this case if it were tried to the Court and jury, and that the Court would have to direct a verdict and find in favor of the defendant."

Thus, ordering acceptance of the settlement offer recommended by plaintiff's counsel was conceived by the court to be in the best interests of the minor plaintiff.

At the time of the conference, however, the trial judge did not have before him the pretrial deposition of the injured boy's mother. This

deposition was taken on February 18, 1969, but, for reasons undisclosed, was not filed until January 27, 1970, about a month and a half after the court filed the order approving and directing the settlement. Had the trial judge been made aware of this deposition, which, among other matters, includes unequivocal testimony that defendant, contrary to her denial, was instructed not to permit the children to play with the bow and arrow, we entertain no doubt that he would not have ordered settlement but would have proceeded with the trial of the disputed issues of fact. Because the court's order is based upon an incomplete understanding of the conflicting contentions of the parties and is therefore without a factual basis, the order must be vacated and the case reinstated upon the trial calendar.

Without seeking to correct the trial court's factual misconception by a motion to vacate the order approving settlement, the parties on this appeal attempt to raise the issue whether there are circumstances under which a trial court has discretionary authority to order settlement of a minor's claim against the will of the parent and natural guardian. Manifestly, that hypothetical question is academic and not properly before the court, and we express no opinion whatsoever concerning it.

Order vacated with instructions that the case be reinstated on trial calendar.