PENSION MANAGEMENT, INC., and another, Appellants, v. DuROSE, Commissioner of Insurance, Respondent.

*No. 73. Argued February 27, 1973.—Decided April 9, 1973.*
(Also reported in 205 N. W. 2d 553.)

For the appellants there were briefs by *Cook & Franke, S. C.,* attorneys, and *John J. Ottusch* of counsel, all of Milwaukee, and oral argument by *Mr. Ottusch.*

For the respondent the cause was argued by *John E. Armstrong,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

WILKIE, J. One issue is presented on this appeal: Did the trial court err in sustaining the state's demurrer to plaintiffs-appellants' cause of action for a declaratory judgment?

Plaintiffs-appellants contend the trial court erred in ruling that no justiciable controversy existed between the parties and that the controversy amounted to a mere difference of opinion for which a judicial decision would be only advisory.

Originating in preclassical Roman law,[1] declaratory relief received Wisconsin statutory codification in 1927 with the adoption of the Uniform Declaratory Judgments Act.[2] The stated purpose of the act, which has been held applicable to controversies both criminal and civil in nature,[3] is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status

[1] Borchard, *Declaratory Judgments* (2d ed.), pp. 87, 88. *See also,* Comment, *Challenging Governmental Action in Wisconsin: The Declaratory Judgments Act,* 1961 Wis. L. Rev. 467.

[2] Ch. 212, Laws of 1927.

[3] *Waukesha Memorial Hospital v. Baird* (1970), 45 Wis. 2d 629, 635, 173 N. W. 2d 700.

and other legal relations . . . ." [4] While the act is to be liberally construed and administered,[5] it also contemplates that "the granting or denying of relief in declaratory judgment actions is a matter within the sound discretion of the trial court." [6] This discretion to deny declaratory relief arises, according to the act, when a judgment or decree would not terminate the controversy.[7] The scope of this court's review of an order sustaining or overruling a demurrer to a complaint for declaratory judgment is whether or not the controversy ought to be considered on the merits:

". . . The question raised on appeal is simply whether the declaratory judgment device may be properly used to adjudicate the plaintiffs' claim." [8]

This court long ago adopted Professor Borchard's four conditions precedent for the proper maintenance of a declaratory judgment action:

"(1) There must exist a justiciable controversy—that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it.

---

[4] Sec. 269.56 (12), Stats. *See also, Humble Oil & Refining Co. v. Schneider Fuel & Supply Co.* (1969), 42 Wis. 2d 552, 556, 167 N. W. 2d 223, which emphasizes the removal of "uncertainty" in sub. (5) of sec. 269.56, Stats.

[5] Sec. 269.56 (12), Stats. *See also, F. Rosenberg Elevator Co. v. Goll* (1963), 18 Wis. 2d 355, 359, 118 N. W. 2d 858.

[6] *Selective Ins. Co. v. Michigan Mut. Liability Ins. Co.* (1967), 36 Wis. 2d 402, 408, 153 N. W. 2d 523.

[7] Sec. 269.56 (6), Stats., provides: "(6) DISCRETIONARY. The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." *See also: Skowron v. Skowron* (1951), 259 Wis. 17, 19, 47 N. W. 2d 326; *American Medical Services, Inc. v. Mutual Federal Savings & Loan* (1971), 52 Wis. 2d 198, 203, 188 N. W. 2d 529.

[8] *Waukesha Memorial Hospital v. Baird, supra,* footnote 3, at page 633.

"(2) The controversy must be between persons whose interests are adverse.

"(3) The party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protectible interest.

"(4) The issue involved in the controversy must be ripe for judicial determination. Borchard, Declaratory Judgments, pp. 26–57." [9]

In this case only the first and last conditions are in dispute. There is no question but what appellants have a legally protectible interest—Buckman's two business concerns—and that Buckman's interests in maintaining such concerns are adverse to the interests of the insurance commissioner who allegedly advised Buckman and Pension Management, Inc., that these business operations could not be maintained contemporaneously.

A justiciable controversy, as Professor Borchard points out, amounts to "a controversy in which a claim of right is asserted against one who has an interest in contesting it." [10] This definition has been amplified by this court as requiring the existence of present and fixed rights, [11] and refusing to determine hypothetical or future rights. [12]

In the instant case, the defendant-respondent, commissioner of insurance, is duty bound to enforce this state's insurance laws. [13] This enforcement, under the statutes, may take any of a variety of modes. For example, the commissioner may bring an action for injunction in his own name; [14] he may refer the matter to the attorney general to bring an action for the fees paid to Pension

[9] *State ex rel. La Follette v. Dammann* (1936), 220 Wis. 17, 22, 264 N. W. 627.

[10] *Id.*

[11] *Heller v. Shapiro* (1932), 208 Wis. 310, 313, 314, 242 N. W. 174.

[12] *Skowron v. Skowron, supra,* footnote 7.

[13] *See* sec. 601.41, Stats.

[14] Sec. 211.15 (1), Stats.

Management, Inc., by an employee welfare fund; [15] he may give notice to employers covered by welfare plans to desist payments to trustees of employee welfare funds, and enjoin continued payments; [16] he may also institute criminal prosecution against persons who do not comply with ch. 211. [17] The potential maximum penalty for one convicted under this chapter includes either a $5,000 fine or five years' imprisonment, or both. The commissioner of insurance may also suspend or revoke the license of an insurance agent, such as appellant Buckman, for failure to comply with "the insurance laws of this state." [18]

This array of enforcement powers combined with the threat to use them should Buckman not divest himself of one of his business concerns constitutes a justiciable controversy within the contemplation of the Uniform Declaratory Judgments Act.

The case of *Borden Co. v. McDowell* [19] is particularly in point. In that case the court considered the issue of justiciability in suits for declaratory judgment brought by wholesale dairy products distributors against the director of the department of agriculture. The suits sought to have secs. 100.201 and 100.202, Stats., declared contrary to the Wisconsin and United States Constitutions. Responding to the contention that the action was not a proper one for declaratory judgment because respondents had not yet been prosecuted for violation of the statute, the supreme court held:

"Appellant's statutory duty of enforcement presents the threat to respondents' business even though appellant has not yet moved against them. We consider that the

[15] Sec. 211.14 (5), Stats.
[16] Sec. 211.15 (2), Stats.
[17] Sec. 211.14 (4) (a), Stats.
[18] *See* sec. 209.04 (9) (a), Stats.
[19] (1959), 8 Wis. 2d 246, 99 N. W. 2d 146.

allegations of the complaint warrant relief by declaratory judgment." [20]

In reaching its conclusion, the court quoted an earlier decision, *Petition of State ex rel. Attorney General,* wherein the court stated:

". . . The whole philosophy underlying the Uniform Declaratory Judgments Act is that it enables controversies of a justiciable nature to be brought before the courts for settlement and determination prior to the time that a wrong has been committed or threatened." [21]

*Wisconsin Fertilizer Asso. v. Karns* [22] is a more recent case in point. In that case this court held proper a suit for declaratory judgment brought by Wisconsin Fertilizer Association, Inc., against the commissioner of the motor vehicle department. The complaint alleged that the commissioner had maintained

". . . that the vehicles used to deliver and apply the fertilizer are not 'implements of husbandry' as defined by statute and that he is prepared and intends to issue citations to a number of members of the Wisconsin Fertilizer Association and to Cornland Fertilizers, Inc., for violation of the statutes pertaining to the registration of vehicles (sec. 341.04, Stats.), and use of safety equipment on such vehicles (ch. 347)." [23]

While the court only commented upon contentions of sovereign immunity and the exclusiveness of administrative remedies, and never precisely ruled on the question of justiciability, it did hold the suit a proper one under the Declaratory Judgments Act.

The concept of justiciability with respect to a threatened prosecution was also recently considered by this court in *Waukesha Memorial Hospital v. Baird,* an appeal

[20] *Id.* at page 256.

[21] (1936), 220 Wis. 25, 28, 264 N. W. 633.

[22] (1968), 39 Wis. 2d 95, 158 N. W. 2d 294.

[23] *Id.* at pages 97, 98.

from an overruled demurrer in another declaratory judgment action.[24] The suit was brought by Waukesha Memorial Hospital, Inc., and several members of its medical staff against several Waukesha county police officials. The complaint requested the trial court to declare the authority of police officers to order doctors to take blood specimens from nonconsenting suspected drunken drivers. In holding the facts to be too nebulous to invoke the remedy of declaratory judgment, this court specifically noted that the threats of prosecution did not even come from the district attorney, "the only officer who is constitutionally authorized to exercise the state's right of actual prosecution," and thus there was no certainty of actual prosecution.[25] The court made it quite clear, however, that the remedy of declaratory judgment might be invoked where prosecution is threatened:

"While there are undoubtedly situations in which declaratory relief may be invoked in the face of threatened criminal prosecutions . . . ." [26]

The instant case is a proper one to invoke the remedy of declaratory relief.

The commissioner of insurance has a number of enforcement powers which he has indicated he will use should appellants not comply with the statute. Several of these enforcement powers are not dependent upon another's exercise as, for example, in the *Waukesha Memorial Hospital Case.* The commissioner, by virtue of these powers, has placed in immediate and certain jeopardy appellants' business practices of long standing. Declaratory relief is, therefore, appropriate.

Another recent case involving a declaratory judgment action is *Barry Laboratories, Inc. v. State Board of*

---

[24] *Supra*, footnote 3.

[25] *Id.* at page 642.

[26] *Id.* at page 643.

*Pharmacy.*[27] In *Barry* such an action was held to be proper where a drug products manufacturer sued the State Board of Pharmacy rather than individual members of that board, seeking to determine the applicability and constitutionality of sec. 151.04 (5), Stats. (licensing for the sale of drug products). The court further held that the letters of the Board of Pharmacy to Barry suggesting that the provisions of sec. 151.04 (5) required Barry to be licensed before selling prescription-legend drugs to persons in Wisconsin, although not constituting a "rule" (reviewable under sec. 227.05), amounted to an announcement of the board's intention to refer the case to a district attorney for prosecution—the "only" mode of enforcement which the board had. This threatened action was held enough to support a declaratory judgment action by Barry, in which Barry alleged in its complaint, among other things, "that the board is threatening prosecution of Barry or its agents for failure to obtain a license." [28]

In the instant case, the commissioner has several actions that he can take in addition to the one under sec. 601.12 (2), Stats., which authorizes him to refer the matter to a district attorney or attorney general for prosecution. Thus, even if the attorney general is correct in his assertion here that the district attorney has wide discretion about instituting such a suit, the threatened action by the defendant is enough to create a justiciable controversy.

The final question on this appeal is whether or not a declaratory judgment in this action would terminate the controversy. Sec. 269.56 (6), Stats., grants a trial court discretion to deny an application for declaratory relief "where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy

[27] (1965), 26 Wis. 2d 505, 516, 132 N. W. 2d 833.
[28] *Id.* at page 510.

. . . ." [29] Commenting upon the nature of this requirement, this court, in *Outagamie County v. Smith* stated:

"22 Am. Jur. 2d, *Declaratory Judgments*, p. 852, sec. 13, points out that a declaration of rights 'should not be rendered if it will not finally settle an actual controversy or be of some practical help in ending the controversy or stabilizing disputed legal relations.' The same paragraph (p. 853) also points out that there is authority to a stronger effect and that is 'that a court may not grant declaratory relief unless it is convinced that its judgment will end the litigation and fix the rights of the parties.' " [30]

In *Wisconsin Pharmaceutical Asso. v. Lee*, this court favorably quoted Professor Borchard:

" ' ". . . More often, however, the court dismisses the proceeding, on the ground that some designated necessary party or parties should have been heard, not only for the information of the court but because such a party might be affected by, even though not bound by, the decision; and in so conclusive a proceeding it would be neither just nor proper to render a judgment without hearing and binding such interested person. Any suggestion, of course, that interested parties could be bound by a judgment in a proceeding to which they were not parties served, with opportunity to be heard, would encounter constitutional objections; but although this is conceded, courts properly decline to make declarations between parties when others, not bound, might later raise the identical issue and deprive the declaration of that conclusive and tranquilizing effect it is calculated to subserve. . . ." ' " [31]

The commissioner contends that a decree rendered in this action would not terminate the controversy because the district attorney is not included as a party. This argument, however, overlooks the fact that the district

[29] Sec. 269.56 (6), Stats.

[30] (1968), 38 Wis. 2d 24, 37, 155 N. W. 2d 639.

[31] (1953), 264 Wis. 325, 331, 58 N. W. 2d 700.

attorney or the attorney general under sec. 601.12 (2), Stats., may only move "[u]pon request of the commissioner." [32] A declaratory decree in the instant case would, therefore, settle the commissioner's civil and criminal authority to enforce sec. 211.14 (2) (a) against H. R. Buckman and Pension Management, Inc. In *Berlowitz v. Roach* it was said:

". . . It is an action against the enforcing officer to prevent him from doing that which it is claimed he has no legal right to do, and if respondent is correct in his position that the statute gives him no legal right to collect this tax the enforcing officer is then acting as an individual in excess of his authority and with no protection under the law." [33]

Similarly in the instant case, if the trial court should rule against the commissioner of insurance as to the applicability or constitutionality of the relevant insurance statute any continued enforcement would be in excess of his authority. This is so regardless of whether the commissioner utilizes the enforcement powers exercisable in his own right or requests the attorney general or a district attorney to do so.

We conclude, therefore, that plaintiffs' amended complaint does state sufficient facts to constitute a valid

[32] Sec. 601.12 (2), Stats., provides: "(2) ENFORCEMENT. Upon request of the commissioner, the attorney general shall proceed in any federal or state court or agency to recover any tax or fee related to insurance payable under the laws of this state and not paid when due, and any penalty or forfeiture authorized by the insurance laws. Upon request of the commissioner, the attorney general or, in a proper case, the district attorney of any county, shall aid in any investigation, hearing or other procedure under the insurance laws and shall institute, prosecute and defend proceedings relating to the enforcement or interpretation of the insurance laws, including any proceeding to which the state, or the insurance commissioner or any employe of the office, in his official capacity, shall be a party or in which he shall be interested."

[33] (1947), 252 Wis. 61, 64, 30 N. W. 2d 256.

cause of action under which they seek declaratory relief. Their complaint, concluding with the allegation that the commissioner of insurance:

". . . notified plaintiffs that he was of the opinion that plaintiffs' business operations as alleged in this complaint, constitute a violation of section 211.14 (2) (a) of the statutes of the State of Wisconsin and has threatened to use his official position to cause the State of Wisconsin to take action to enforce that statute to the plaintiffs' detriment."

presents a justiciable controversy, the decision on which will terminate the controversy and not be merely advisory.

*By the Court.*—Order and judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.